JAMES E. T. BOWDEN, PLAINTIFF IN ERROR, v. CITY OF JACKSONVILLE, A MUNICIPAL CORPORATION EXISTING IN DUVAL COUNTY, FLORIDA, DEFENDENT IN ERROR.

1. As incidents to the ownership of a lot bordering on a public street there are in addition to the right of passage over the street in common with the public, the private property right of egress and ingress from and to the

lot by way of the street and the private property right of light and air which the street affords. The owner of such a lot takes and hold it subject to the right of the State or any duly authorized governmental agency acting for it, to improve the street for public use by altering the grade of the street, by the erection of a viaduct thereon or otherwise, for street purposes; and in the absence of legislation or a valid contract the owner has no right of action against a city authorized by law to grade and improve the street, for injury to the lot or property thereon, or for the impairment or destruction of the incidental rights of ingress and egress and of light and air which the street affords, because of changes made by the city in the grade of such street by building or rebuilding a viaduct thereon for the improvement of such street, even though such changes in the grade prove inconvenient or expensive to the lot owner in the use of his property, where there is no diversion of the street from its proper street purposes, and where the injury to the lot or property thereon or the impairment or destruction of the incidental rights, is a mere consequence from the lawful use or improvement of the street as a highway, and where there is no physical invasion of or trespass upon the lot or property, and no malice, negligence or unskilfulness in the use or improvement of the street for street purposes to the injury of the lot owner.

2. Where a city is authorized by law to grade and improve its streets and to change the grade of the streets as the public good requires, and there is no statute or valid contract providing for damages incurred, a declaration claiming damages for injury to a lot or property abutting thereon, or for the impairment or destruction of the incidental rights of ingress and egress and of light and air which the street affords, because of changes made by the city in the grade of such street by the building or rebuilding of a viaduct thereon for the improvement of such street is demurrable even though it is alleged that such changes in the grade prove inconvenient or ex-

pensive to the lot owner in the use of his property, when the declaration contains no allegation of a diversion of the street from street purposes or of a physical invasion of or trespass upon the property, or of malice, negligence or unskilfulness in the use or improvement of the street for street purposes to the injury of plaintiff.

3. Where a building has been constructed with reference to a change in the grade of a street by the erection thereon of a viaduct and its use as the street is acquiesced in, the owner of the building can not afterwards complain of the diversion of the street by the erection of the original viaduct when it is being rebuilt so as to change its grade.

4. One party can not be held responsible for the wrongdoing of another party over whom no control is given.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

### STATEMENT.

On January 1st, 1906, the plaintiff in error filed in the Circuit Court for Duval County a declaration as follows:

"In Circuit Court, 4th Judicial Circuit, County of Duval, State of Florida.

James E. T. Bowden, v. City of Jacksonville, a municipal corporation existing under the laws of the State of Florida.—Trespass on the case. Damages $25,000.00.— Declaration.

State of Florida,

County of Duval.—ss.

James E. T. Bowden, plaintiff in the above entitled cause, by H. E. Bowden and Pope & Pope, his attorneys, sues the City of Jacksonville, a municipal corporation existing in Duval County, under the laws of the State of Florida, defendant, for that the said defendant, as such municipal corporation, was and is possessed, and had, and has control of a certain public street called Bridge Street, a part of which runs from Bay Street in said city in a southwesterly direction to McCoys Creek, in said city, and the plaintiff was and is the owner in fee of a certain lot on the southwest corner of said Bay and Bridge Streets, said lot running from the intersection of said Bay and Bridge streets back to and in a southwesterly direction to said McCoys Creek; that while the plaintiff so owned said lot as aforesaid, and while the defendant was possessed and had control of said Bridge street running to said McCoys Creek as aforesaid, the said defendant directed, authorized and permitted certain railway corporations, to-wit: The Seaboard Air Line Railway, the Atlantic Coast Line Railway Company, the Florida East Coast Railway Company and the Jacksonville Electric Company to build and construct a viaduct across said Bridge street, running parallel with plaintiff's said lot, and plaintiff obtained from the engineer of the said defendant a grade by which to construct a building on his said lot to be in harmony and accordance with the viaduct constructed under the authority aforesaid, and by the said parties aforesaid; that after obtaining said grade as aforesaid, the plaintiff at the cost to himself of between thirty and forty thousand dollars constructed and built on his said lot a 3-story brick structure, in accordance and

in harmony with the grade obtained as aforesaid; that thereafter the said defendant erected, authorized and permitted the said the Seaboard Air Line Railway, the Atlantic Coast Line Railway Company, the Florida East Coast Railway Company, and the Jacksonville Electric Company and the Jacksonville Terminal Company to tear down, demolish and remove the viaduct so built as aforesaid, and to reconstruct and rebuild in lieu thereof, and running over the same territory as aforesaid, a new viaduct, and being so authorized, directed and permitted as aforesaid, the said, the Seaboard Air Line Railway, the Atlantic Coast Line Railway Company, the Florida East Coast Railway Company, the Jacksonville Electric Company and the Jacksonville Terminal Company, have demolished and destroyed the said viaduct first built as aforesaid, and reconstructed and rebuilt another and new viaduct in lieu thereof running over the same territory aforesaid and in consequence thereof the grade of the approaches has been raised eighteen inches, and thus making the entrance to plaintiff's building eighteen inches below the passage-way over said new viaduct, and eighteen inches lower than it was over the first viaduct built as aforesaid, and in consequence of the building of the said viaduct as aforesaid, the said defendant has given up to the said railroads the original street as aforesaid, for other than street purposes, and plaintiff has been excluded from the use and privileges thereof, and ordinary ingress thereto and egress therefrom, and the air and light thereto has been impaired and plaintiff deprived thereof; and in consequence thereof plaintiff will be compelled to reconstruct and rebuild and remodel his building so as to conform to such elected grade of said new viaduct so made as aforesaid, at a cost of fifteen thousand dollars,

and by reason and in consequence thereof is being deprived of ingress to said lot and egress therefrom, from the street as aforesaid, and the impairment of light and air as aforesaid, and the giving up by said defendant to said railway companies to their use and for other than street purposes as aforesaid, the plaintiff has been damaged ten thousand dollars. Therefore plaintiff claims that in the manner and form aforesaid, he has been damaged by the defendant as aforesaid in the sum of twenty-five thousand dollars ($25,000.00) and claims damages in that amount and brings suits therefor.

2. And plaintiff, for a second count, alleges each and every the allegations of the first count, and further declares that acting under the permission and authority of the defendant as aforesaid, the said companies as aforesaid were negligently, unnecessarily and unreasonably slow in the construction of the said new viaduct and the demolishment of the old and were a year longer in the construction of the new and the demolishment of the old viaduct than was reasonably necessary, and unnecessarily and negligently delayed the completion of said new viaduct for at least one year whereby the plaintiff was prevented from leasing his said building on said lot to divers persons who wanted to lease the same for a period of five years at an annual rental of $4,000 per annum, but after negotiating for and considering the said lease declined and refused to take the same, solely because of the aforesaid delay in the building and completion of said new viaduct; in consequence whereof plaintiff lost money and was damaged in the sum of twenty-five thousand dollars ($25,000.00), wherefore plaintiff brings suit and claims damages in the sum of twenty-five thousand dollars ($25,000.00) damages.

The defendant filed a demurrer to the declaration as follows: "And now comes the defendant in the above entitled cause, by Barrs & Odum, its attorneys, and says that each count of the plaintiff's declaration is bad in substance, and for the causes of its demurrer shows to the court here the following:

1. It appears from the allegations in each count of said declaration that the companies which constructed said viaduct, and not the defendant would be liable to the plaintiff for his alleged damage, if he is entitled to the recovery of damages.

2. The City of Jacksonville is not a proper party defendant in said suit.

3. Sufficient facts are not alleged in either count of said declaration to constitute a cause of action against the defendant.

4. It is not alleged in either count of said declaration that notice of the plaintiff's alleged damage has been given to the Mayor of the City of Jacksonville, as required by law."

The court sustained the demurrer to the declaration and the plaintiff declining to amend, final judgment was entered for the defendant. The plaintiff took a writ of error to the present June Term of this court and assigns here as errors the following:

1. The court erred in sustaining the demurrer to the declaration.

2. The court erred in sustaining the first ground of the demurrer and holding that the companies which constructed said viaduct and not the defendant would be

liable to the plaintiff for his alleged damage, if he is entitled to the recovery of damages.

3. The court erred in sustaining the second ground of demurrer, and in holding that the City of Jacksonville is not a proper party defendant in said suit.

4. The court erred in ssutaining the third ground of demurrer in holding that sufficient facts are not alleged in either count of the declaration to constitute a cause of action against said defendant.

5. The court erred in sustaining the fourth ground of the demurrer, in holding that notice of the plaintiff's alleged damage should have been given to the Mayor of the City of Jacksonville.

6. The court erred in giving final judgment for the defendant.

*Pope & Pope,* for Plaintiff in Error.

*Barrs & Odum,* for Defendant in Error.

WHITFIELD, J. (*after stating the facts*) :   The damages alleged in the first count of the declaration are:

(1) For the change in the grade of the approach to the viaduct adjacent to plaintiff's lot so as to make the passage way over the viaduct eighteen inches above the entrance to plaintiff's building, which entrance was constructed so as to be even with the grade of the viaduct before it was raised; (2) for giving up by the defendant of the original street to said railroad companies for other than street purposes in consequence of the original construction of the viaduct; (3) for being excluded from the use and privileges of the street, and ordinary ingress thereto and egress therefrom, and (4) for impairing the

light and air of the street and depriving plaintiff of such light and air.

As incidents to the ownership of a lot bordering on a public street there are in addition to the right of passage over the street in common with the public, the private property right of egress and ingress from and to the lot by way of the street and the private property right of light and air which the street affords. The owner of such a lot takes and holds it subject to the right of the State or any duly authorized governmental agency acting for it, to improve the street for public use by altering the grade of the street, by the erection of a viaduct thereon or otherwise, for street purposes; and in the absence of legislation or a valid contract the owner has no right of action against a city authorized by law to grade and improve the street for injury to the lot or property thereon, or for the impairment or destruction of the incidental rights of ingress and egress and of light and air which the street affords, because of changes made by the city in the grade of such street by building or rebuilding a viaduct thereon for the improvement of such street even though such changes in the grade prove inconvenient or expensive to the lot owner in the use of his property, where there is no diversion of the street from its proper street purposes, and where the injury to the lot or property thereon or the impairment or destruction of the incidental rights is a mere consequence from the lawful use or improvement of the street as a highway, and where there is no physical invasion of or trespass upon the lot or property, and no malice, negligence or unskillfulness in the use or improvement of the street for street purposes to the injury of the lot owner. See Dorman v. State, 13 Fla. 538; Selden v. City of Jacksonville, 28 Fla. 558, 10 South. Rep. 457.

Any injury to the owner in the use of the street in common with the public is redressed through proper proceedings by public authority. Jacksonville, T. & K. W. Ry. Co. v. Thompson, 34 Fla. 346, 16 South. Rep. 282.

There is no allegation in the declaration that there was malice, negligence or unskillfulness in the use or improvement of the street by the changing of the grade of the viaduct, or that there has been a physical invasion of or trespass upon plaintiff's abutting property; and, consequently, in view of the above statement of the law, it is clear the plaintiff cannot recover for any element of damage claimed in the first count of the declaration, unless there is a sufficient allegation that the plaintiff has suffered injury to his lot or property thereon or to the right of ingress and egress, and of light and air afforded by the street, because of the diversion of the street by the city to other than street purposes. It is not claimed that the city had no lawful authority to build the viaduct changing the grade of the street or to change the grade of the viaduct.

The declaration alleges that while the plaintiff owned the lot and the defendant was possessed and had control of the adjacent street, the defendant directed, authorized and permitted the building and construction of a viaduct across the street running parallel with the lot; that the plaintiff obtained from the engineer of the defendant a grade by which to construct a building on the lot and by the grade of the viaduct so obtained he constructed and built on said lot a 3-story brick structure in accordance and in harmony with the grade of the viaduct as constructed; that thereafter the defendant directed, authorized and permitted certain railroad companies to tear down, demolish and remove the viaduct so built and to

15—S. C.

reconstruct and rebuild in lieu thereof, and running over the same territory, a new viaduct, and in consequence thereof (the reconstruction of the viaduct) the grade of the approaches has been raised eighteen inches, and thus making the entrance to plaintiff's building eighteen inches below the passageway over said new viaduct, and eighteen inches lower than it was over the first viaduct; and in consequence of the building (not rebuilding) of the viaduct, the defendant has given up to the use of certain railroads the original street for other than street purposes, and plaintiff has been excluded from the use and privileges thereof, and ordinary ingress thereto and egress therefrom and the air and light thereto have been impaired and plaintiff deprived thereof, and in consequence thereof plaintiff will be compelled to reconstruct and rebuild and remodel his building so as to conform to the grade of the new viaduct, and is deprived of ingress and egress to and from said street, and of light and air, and of the use of the original street given up by the defendant for other than street purposes.

The plaintiff cannot recover damages upon the allegation in the first count of the declaration that "in consequence of the building of the said viaduct as aforesaid, the said defendant has given up to the use of the said railroads the original street as aforesaid for other than street purposes, and plaintiff has been excluded from the use and privileges thereof, and ordinary ingress thereto and egress therefrom and the air and light thereto has been impaired and plaintiff deprived thereof," even if there is a specific claim for damages under this allegation, for the reason that he alleges that he constructed his building with reference to the use of the original viaduct and not the original street as a means of ingress and

egress and as a passageway, thereby consenting to the erection of the viaduct in lieu of the street so far as it affects this complaint. There is no direct and positive allegation that the rebuilding of the viaduct was in consequence of the diversion of the original street to other than street purposes. There is a claim for damages for "the giving up by said defendant to said railway companies to their use and for other than street purposes as aforesaid;" but this is indefinite and insufficient. If the rebuilding of the viaduct, or the change of the grade of the approach to it, was the result of or in consequence of the diversion of the original street to other than street purposes to the injury of plaintiff's private property rights, it is not sufficiently alleged so as to be the basis for the recovery of damages therefor.

The second count of the declaration "alleges each and every the allegations of the first count, and further declares that acting under the permission and authority of the defendant as aforesaid, the said companies as aforesaid were negligently, unnecessarily and unreasonably slow in the construction of the said viaduct and the demolishment of the old, and were a year longer in the construction of the new and the demolishment of the old viaduct than was reasonably necessary, and unnecessarily and negligently delayed the completion of said new viaduct for at least one year, whereby the plaintiff was prevented from leasing his said building on said lot to divers persons who wanted to lease the same for a period of five years, but after negotiations for and considering the said lease declined and refused to take the same, solely because of the aforesaid delay in the building and completion of said new viaduct, in consequence whereof plaintiff lost money," &c. In the first count it is alleged that

the defendant "directed, authorized and permitted" certain railroad companies to build and rebuild the viaduct. The second count alleges that "acting under the permission and authority of the defendant as aforesaid, the said companies aforesaid were negligently, unnecessarily and unreasonably slow in construction," &c. There is no sufficient allegation fixing the responsibility for the alleged delay upon the defendant city, and the parties alleged to have been "negligently, unnecessarily and unreasonably slow" in constructing the viaduct are not before the court in this complaint.

Sufficient facts are not alleged in either count of the declaration to constitute a cause of action against the defendant, therefore the third ground of the demurrer addressed to both counts being good, the demurrer was properly sustained. The plaintiff declining to amend, final judgment was correctly entered for the defendant, and such judgment is here affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.