C. E. CRUM, *Plaintiff in Error*, v. SUMTER COUNTY, *Defendant in Error*.

## Opinion Filed October 29, 1914.

1. In an action against a municipal corporation for negligent injuries, the gist of the action is the negligence for which the corporation is liable; and it is essential to allege in the declaration ultimate facts showing the relation out of which arose the duty of the corporation to exercise appropriate care with reference to the rights of the plaintiff, and also the negligent act or omission or commission for which the corporation is responsible, that proximately caused the injury complained of, the specific ultimate fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

2. Where a county is authorized by law to grade and improve its streets as the public good requires, and there is no statute or valid contract providing for consequential damages incurred, a declaration claiming damages for injury to property caused by grading and improving the streets, is demurrable when the declaration contains no allegation of a diversion of the street from proper street purposes or of a physical invasion of or trespass upon the property, or of malice, negligence or unskillfulness in the use or improvement of the street for street purposes to the injury of the plaintiff.

Writ of error to Circuit Court for Sumter County; W. S. Bullock, Judge.

Judgment affirmed.

*R. A. Burford* and *A. M. Roland,* for Plaintiff in Error;

*J. C. B. Koonce,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:

"C. E Crum, by his undersigned attorney, sues the defendant, Sumter County, a political subdivision of the State of Florida, for that the said plaintiff on the first day of May, A. D. 1912, was, and from thence hitherto has been, and still is lawfully seized and possessed of the following described lands situate, lying and being in Sumter County, Florida, towit: Southeast quarter of Section 34, Township 21 South, Range 22 East; and at the time of the committing of the grievances hereinafter mentioned, the said plaintiff was the owner of a growing crop of cucumbers on said lands of great value, upon which the said plaintiff had incurred and expended large sums of money in the breaking up of said lands, the cultivation thereof, and in the fertilization of said crop of growing cucumbers, which had been planted and was being raised by the said plaintiff for market;

At the time of the committing of the grievances hereinafter mentioned, there was, and now is a public road or highway from Sumterville to Center Hill in said County, and a public road or highway from Sumterville to Webster in said County, over and concerning which public roads, as well as the other public roads of said County of Sumter, the County Commissioners of said County were vested with the general superintendence, and the said County Commissioners of said County were charged wtih the duty under the law of keeping the same in good repair;

Plaintiff avers that the County Commissioners of said County of Sumter, having the superintendence of the public roads within said County, and charged with the duty under the law of keeping the same in good repair as aforesaid, did, on or about the first day of May, A. D. 1912, and subsequent thereto, and prior to the commencement of plaintiff's action, and for the purpose of benefiting and keeping in repair, the said public roads above mentioned, cut and dug, and open, or cause to be dug, cut, and opened a certain canal, ditch, drain, or trench to prevent the said public roads from being submerged with water, or to relieve the same from a swampy and marshy condition, the said canal, ditch, or drain being upon, through and across other lands in the vicinity of said public roads, and thereby caused a large volume of water from vast areas of submerged or prairie lands lying and being in and near said public roads to be drained and conducted into a natural flowing stream of water known as Jumper's Creek which had not prior to the digging of said canal, or ditch, received the drainage of said submerged areas.

The volume of water from said submerged areas and prairie lands passing through said ditch or canal so dug as aforesaid, greatly increased the volume of water in said Jumper's Creek, and so much so, that from thence and hitherto, and up to the time of the commencement of this suit, large quantities of back water, surface water, standing water and head waters overflowed the banks of said Jumper's Creek, ran and flowed upon and continues to run and flow upon the above described premises of the plaintiff, thereby causing a complete destruction of the crop of cucumbers of plaintiff and growing upon said lands so overflowed, destroying the natural banks of said stream, the fences of plaintiff enclosing the said lands, and rendering said lands so overflowed valueless for agri-

cultural purposes, and greatly diminishing the value thereof; the said lands being rendered wet, swampy, and unfit for cultivation;

Plaintiff avers that Jumper's Creek, the natural stream as aforesaid, passes through or across said lands of plaintiff, and that prior to the digging of said ditch or canal, and the drainage by means thereof of the large submerged areas hereinbefore mentioned, the plaintiff's use, ownership, possession, occupation and enjoyment of said lands was not materially interfered with by the waters flowing through the said natural watercourse, and that the said County Commissioners of Sumter County wrongfully and unjustly turned the waters from said submerged lands into Jumper's Creek as aforesaid, without making any embankments, or providing other means to prevent the overflow and backing up of the waters in said creek on the said lands of plaintiff.

Plainiff avers that he duly presented to said Board of County Commissioners his claim for damages by reason of the grievances as above set forth, which claim was refused and denied.

The said plaintiff has been greatly injured and damnified by reason of the commission of the grievances as above set forth, causing the complete loss of the growing crop of cucumbers on said lands so submerged, the loss of labor and fertilizer in the cultivation and making of said crop of cucumbers, and in the permanent injury and damage to said lands, and therefore he institutes this action and claims damages in the sum of three thousand dollars."

A demurrer to this declaration was sustained and the plaintiff not desiring to amend a final judgment for the defendant was rendered and the plaintiff took writ of error.

Under the laws of this State it is the duty of the several counties to properly establish, grade and maintain the public roads therein.

While a municipality is not liable in damages for consequential injuries to property abutting on a street resulting from a lawful grading of the public streets when due care is exercised in such grading, the municipality is liable in damages for its unlawful and negligent acts in grading streets that proximately and substantially injure persons or property.

In an action against a municipal corporation for negligent injuries, the gist of the action is the negligence for which the corporation is liable; and it is essential to allege in the declaration ultimate facts showing the relation out of which arose the duty of the corporation to exercise appropriate care with reference to the rights of the plaintiff, and also the negligent act of omission or commission for which the corporation is responsible, that proximately caused the injury complained of, the specific ultimate fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial. Gonzalez v. City of Pensacola, 65 Fla. 241, 61 South. Rep. 503.

Where a city is authorized by law to grade and improve its streets as the public good requires, and there is no statute or valid contract providing for consequential damages incurred, a declaration claiming damages for injury to property caused by grading and improving the streets, is demurrable when the declaration contains no allegation of a diversion of the street for proper street purposes or of a physical invasion of or trespass upon the property, or of malice, negligence or unskillfulness in the use or improvement of the street for street purposes to the injury of the plaintiff. Bowden v. City of Jacksonville, 52 Fla. 216,

42 South. Rep. 394; Selden v. City of Jacksonville, 28 Fla. 558, 10 South. Rep. 457; Dorman v. City of Jacksonville, 13 Fla. 538.

In this case the declaration does not allege a physical trespass or negligence in working the road as stated. Assuming that there may be a liability of the county similar to that of a city, the declaration here wholly fails to state such a case, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent, by reason of illness in his family.