BURRESS CAWTHON, *Appellant*, v. THE TOWN OF DEFUNIAK SPRINGS, A MUNICIPAL CORPORATION, J. P. CARTER AND MALCOLM BRUCE, *Appellees.*

Division B.

Opinion Filed November 18, 1924.

1. Merely consequential damages, expenses or inconvenience to an abutting owner caused by or resulting from the paving of streets in a lawful and reasonable exercise of the police power duly conferred upon a municipality, do not ordinarily afford a justiciable right for redress to the owner.

2. In Florida municipalities are established not to confer arbitrary powers upon officials, but to conserve the rights and interests of the people through governments which operate by means of official acts limited and regulated by law.

3. Governments are not formed to sanction either official assumptions of powers not conferred or the abuse of powers that are conferred; but to provide for limited governing functions to conserve the public welfare, and to establish safeguards to protect the people from unauthorized action by officials. The Constitution affords limitations upon the powers of the Legislature as well as upon the executive and judicial departments.

4. Under the Constitution, the Legislature can legally authorize a tax levy or a special assessment only for a proper purpose and only for the amount that is necessary for an efficient and economical accomplishment of the appropriate purpose; and the Legislature can legally authorize the exercise of the police power only for proper purposes and only to the extent that is necessary to conserve the public welfare in the premises.

5. A statute cannot legally authorize a municipality to violate any organic right of an individual, even though the statute in terms attempts to confer such a power.

6. The rights of individuals are measured by constitutional provisions and not by statutes that in terms or by practical operation invade private rights.

7. While a municipality may be enjoined from unreasonably exercising any lawful power conferred upon it by the Legislature, for a power granted to a municipality by the Legislature cannot lawfully be so exercised as to violate organic rights of individuals, yet where no abuse of power by the municipality is made to appear, an injunction may not be granted.

An appeal from the Circuit Court for Walton County, A. G. Campbell, Judge.

Affirmed.

*D. Stuart Gillis,* for Appellant;

*S. K. Gillis,* for Appellee.

WHITFIELD, P. J.—The bill of complaint herein was brought to restrain the city from so paving the surface of a street opposite complainant's store lot as to leave a space of perhaps four feet between the paved sidewalk and the curb of the street pavement, the contention being that it would be inconvenient and more expensive to transport goods from the curb of the paved street over the intervening four feet of unpaved street to the paved sidewalk at the complainant's store doors. It appears that the paving programme contemplates leaving open spaces in the street curbs opposite doors or entrances to abutting lots as the owners may desire. While this would make it somewhat more inconvenient and expensive to convey goods from vehicles that are stopped at the street curb over the intervening four feet of unpaved space to the paved sidewalk at the complainant's store doors than is

now the case where the vehicles may be stopped on the unpaved street at the edge of the paved sidewalk still such consequential inconvenience and expense cannot be avoided by complainant if .the paving of the street is a reasonable exercise of the police power duly conferred upon the city.' See Bowden v. City of Jacksonville, 52 Fla. 216, 42 South. Rep. 394; Selden v. City of Jacksonville, 28 Fla. 558, 10 South. Rep. 457; Dorman v. City of Jacksonville, 13 Fla. 538; Gonzalez v. City of Pensacola, 65 Fla. 241, 61 South. Rep. 503; Crum v. Sumter County, 68 Fla. 122, 66 South. Rep. 723.

In Florida municipalities are established not to confer arbitrary powers upon officials, but to conserve the rights and interests of the people through governments which operate by means of official acts limited and regulated by law.

The constitution was adopted by the people to establish State, county and municipal governments with appropriate and limited powers and functions, the object being to provide for efficient governments regulated by law, with adequate safeguards to protect the people from oppression by and from abuses of the governing powers conferred.

Governments are not formed to sanction either official assumptions of power not conferred or the abuse of powers that are conferred; but to provide for limited governing functions to conserve the public welfare, and to establish safeguards to protect the people from unauthorized action by officials. The constitution affords limitations upon the powers of the legislature as well as upon the executive and judicial departments.

Under the constitution, the legislature can legally authorize a tax levy or a special assessment only for a proper purpose and only for the amount that is necessary for an efficient and economical accomplishment of the appropriate

purpose; and the legislature can legally authorize the exercise of the police power only for proper purposes and only to the extent that is necessary to conserve the public welfare in the premises. A statute cannot legally authorize a municipality to violate any organic right of an individual even though the statute in terms attempts to confer a power that violates a private right that is secured by the constiution. The rights of individuals are measured by constitutional provisions and not by statutes that in terms or by practical operation invade private rights.

Under the general statutes of the State the city has "power and authority to alter" and to "pave" any street. In the system of paving and improvements adopted by the city, the width of the proposed street pavement may be sufficient for all vehicular traffic, and the increased expense of paving the entire width of the street may not be a reasonable exercise at this time of the power conferred; and besides the four foot space left unpaved between the curb of the paved street and the paved sidewalk, may be useful for growing trees or grasses and for laying subsurface pipes and wires so as to avoid digging up the pavements when pipes and wires along the street are to be placed or repaired. It appears that ample width remains in the paved portions of the street for present and immediately prospective traffic. The city has power to widen the street as necessity demands.

While a municipality may be enjoined from unreasonably exercising any lawful power conferred upon it by the legislature for a power granted to a municipality by the legislature cannot lawfully be so exercised as to violate organic rights of individuals, yet in this case no abuse of power by the municipality is made to appear. The rights of the complainant do not appear to be unduly in-

vaded by an abitrary or unreasonable change in the grade of the street so as to injure complainant's abutting property beyond the reasonably necessary requirements of the public in the use of the street, and a contemplated or resultant negligent or arbitrary trespass or injury to the complainant's premises cannot be assumed on this record.

Affirmed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.