ANDREW J. LYNCH,

*vs.*

TOWN COUNCIL OF GEORGETOWN and CLAYTON DOUGLAS BUCK, FRANK V. DUPONT, NEWTON L. GRUBB, CHARLES W. CULLEN and J. HENRY HAZEL, all members of the State Highway Department of the State of Delaware.

*Sussex, June* 29, 1935.

*Houston Wilson,* of Georgetown, for complainant.

*Caleb R. Layton, 3d,* for defendant Town Council of Georgetown.

*Robert H. Richards, Sr.,* of the firm of Richards, Layton & Finger, and *Charles F. Richards,* for members of the State Highway Department of the State of Delaware.

THE CHANCELLOR: The bill seeks a permanent, and the rule a preliminary, injunction restraining the removal of two shade trees that stand in front of the complainant's office building on the north side of Market Street in the town of Georgetown.

Market Street is and for over one hundred years has been a street with a width from building line to building line of sixty feet and with a road bed for vehicular travel of thirty-six feet from curb line to curb line. The two trees in question now extend about eighteen inches beyond the curb line into the road bed. They are not mature trees. The bill alleges that they will in the future, by reason of course of growth, encroach as far possibly as two feet beyond the curb line upon the road bed. Thus the trees occupy a portion of the gutter area of the road.

The charter of the town confers on the council the right of "superintendence and oversight of all roads and streets, lanes, alleys, squares and gutters in said town to be repaired, supported, regulated, removed and amended in any manner they may deem most proper for the convenience ---^ interest of the citizens of said town." 26 *Del. Laws, ch.* 238. § 6, approved March 3, 1911.

By 29 *Del. Laws, ch.* 63, § 5, as amended in 1921 by 32 *Del. Laws, ch.* 53, the legislature provided that when in the judgment of the State Highway Department, the route for the construction or reconstruction of a State highway should continue through any incorporated town, the Department shall construct and maintain said highway at the sole expense of the State, provided, however, that the Department should not widen any street in a town without the consent of the duly constituted governing body of said town. The State Highway Department Act vests general jurisdiction in the Department over all State highways, their location, width, etc.

Market Street lies in the route of State Highway No. 9 extending from Lewes, Delaware, *via.* Harbeson, Georgetown and Bridgeville to the Maryland line, and of State Highway No. 10 extending from Georgetown via. Laurel to the Maryland line.

The State Highway Department, by proceedings duly taken, decided to improve Market Street throughout its length by laterally extending the cement road bed from curb line to curb line. The plans and specifications for the improvement called for the removal of such trees as might be standing in the gutters beyond the curb lines. The Town Council, by formal resolution unanimously passed, consented to the improvement and approved of the plans and specifications including the proposal to remove the designated trees. The action of both the Department and the Town Council was taken after protests on the part of individual citizens and after full hearing and deliberation. The proposal did not involve the widening of Market Street in front of the complainant's premises.

Contracts were let for the work and it was proceeded with. All the trees (sixteen in number) which stood in the gutters in that length of the street to which the bill refers were cut and removed, except the two trees standing in front of the complainant's office building, when the complainant filed the pending bill by which he seeks to enjoin the removal of the two trees referred to.

The complainant contends in the first place that, whether he owns to the center line of the street or not, he has such an interest in the preservation of the trees that, if there is a threat on the part of any one unlawfully to destroy them, he is entitled to relief against the threatened injury. This proposition is not controverted and so may be accepted as sound for the purposes of the case. It is the applicability of the proposition that is contested.

The case is not one, the defendants contend, where it is proposed to remove the trees without lawful authority. On the contrary, it is contended, the removal of the trees

is a matter over which the Department, even without the consent of the Town Council and certainly with its express formal authorization, has full control and as to which it has the right of decision conferred by law. There is no complaint against any infirmity in the procedure followed by either the Department or the Council looking to the removal of the trees. There is no charge nor the slightest intimation of fraud or corruption on the part of the responsible authorities.

The sole ground on which the complainant rests his case is that trees are valuable for purposes of shade, comfort, health and beauty and there is no right in the constituted authorities arbitrarily to destroy them even in the exercise of statutorily conferred powers, unless it is made to appear that their removal is "necessary," quoting the bill, "to the general public's reasonable and proper enjoyment of the right of passage and re-passage, with other reasonable and proper rights attendant thereto."

Who owns the fee in the street where trees stand, is not of importance in determining whether damage in the eyes of the law is done to the abutting owner by their destruction. *Skinner v. Buchanan, et al.*, 101 *Vt.* 159, 142 *A.* 72; 3 *McQuillan, Municipal Corporations*, § 1326; 3 *Dillon, Municipal Corporations*, (*5th Ed.*) § 1136. The right of the individual citizen whose property abuts on a street or highway to the continued presence of trees therein, is subject to the lawfully conferred paramount authority of the appropriate body having jurisdiction over the streets, etc., to remove them for the purpose of rendering the highway safe and convenient, or to carry out a plan or system of street improvements, or to prevent roots from clogging a city sewer. 7 *McQuillan, Municipal Corporations, p.* 7349.

When analyzed, the complainant's contention comes down to this, that he is of the opinion that the removal of the trees is not necessary for the convenience of travel or drainage, and that as a matter of judgment the Town Council and the Highway Department are unreasonable in

entertaining the opposite view. And so, the complainant asks the court to examine the matter with the view of determining whether the Town Council and the Highway Department have made a reasonable decision upon the question which the law has referred to their discretion for determination. Now as a general proposition, no court will, in the absence of a showing of bad faith or fraud, assume to invade the field of discretion which the law has assigned to subordinate political or municipal bodies. This principle has been recognized by this court in *Taylor, et al., v. Smith, et al.*, 13 *Del. Ch.* 39, 115 *A.* 405, and *Drexler v. Commissioners of Town of Bethany Beach*, 15 *Del. Ch.* 214, 135 *A.* 484, 485.

The complainant says that a present obstruction of eighteen inches and a prospective one of two feet in the portion of the street where vehicles travel cannot be a serious obstruction. The defendants are of a contrary opinion. The complainant says further that such an obstruction can constitute no serious obstacle in the street gutter, because it is entirely feasible to build the gutter around the trees. The defendants are apparently of the opinion that such bulges in the gutter lines are undesirable. These are questions which excite a very pronounced difference of view. Unless something is shown to justify the conclusion that the defendants have not acted honestly and in good faith in the exercise of their discretionary judgment with respect to these questions, the court would be entirely without warrant in overthrowing their conclusions. Nothing of that sort has been shown or even so much as intimated.

The facts do not warrant the view that there was an abuse of discretion. The affording of an opportunity on the part of the interested citizens to be heard, the deliberation with which the problem of the trees was considered, both by the Council and the Department, hardly comport with a spirit of high-handed arbitrariness. It is impossible for one to say, no matter how strong may be his own senti-

mental regard for trees and his own personal disposition to preserve them, that the Council and Department in decreeing the destruction of the trees in question must have acted in abuse of their discretion. It would be imputing to individual sentiment the intolerance of bigotry, for it to say that those who offend it in the interest of street improvements are necessarily inspired by bad faith. This is not a case where it can be said that there is no reasonable room to conclude that the removal of the trees is manifestly unnecessary for the convenience and safety of the traveling public or for the efficient drainage of surface water along the gutter. Certainly if trees stand out one and one-half feet from a curb in the road bed, as these trees now do, the judgment cannot be pronounced arbitrary and unreasonable, though it may be differed from, which says that their removal is necessary in the public interest.

The rule will be discharged and the outstanding restraining order vacated.