RONEY INVESTMENT COMPANY v. CITY OF MIAMI BEACH

RONEY INVESTMENT COMPANY and TWENTY-THIRD STREET REALTY CORPORATION v. CITY OF MIAMI BEACH.

174 So. 26.
Division A.
Opinion Filed April 22, 1937.

*Stuart Mackenzie, Chas. M. Moon.* and *A. N. Spence,* for Appellants;

*Ben Shepard,* for Appellee.

BUFORD, J.—The appeal is from orders denying motions of defendant to dismiss bills of complaint and to strike portions of amended bills of complaint.

Two suits were filed by City of Miami Beach to enjoin Roney Investment Company, a Florida Corporation, from obstructing certain streets. The bills of complaint set out the facts that the Town of Miami Beach was organized under the general law on the 6th day of April, 1915; that on the 25th day of May, 1917, Chapter 7672, Special Acts of the Legislature, was adopted, whereby the Town of Miami Beach was abolished and the City of Miami Beach was created; that the streets, the obstruction of which was

sought to be enjoined, were included in and shown as public streets within the boundaries of the Town of Miami Beach and also within the boundaries of the City of Miami Beach and had remained so until the date of the filing of the bills of complaint.

In one of the bills of complaint it was alleged that on the 20th of March, 1917, the Council of the Town of Miami Beach passed Ordinance No. 96. The ordinance is described and the pertinent part of it is:

"BE IT ORDAINED BY THE TOWN COUNCIL OF THE TOWN OF MIAMI BEACH, FLORIDA, That:

"Section 1. The following described portions of streets and sidewalks lying and being within the corporate limits of said Town, according to the plat of said streets and sidewalks recorded in Plat Book 5 at Pages 7 and 8, in the office of the Clerk of the Circuit Court in and for Dade County, Florida, be, and the same are hereby vacated, discontinued and abolished.

"(a) That portion of Atlantic Avenue lying and being between the east line of Collins Avenue produced across said Atlantic Avenue, and the eastern terminus of said Atlantic Avenue as shown by said plat.

"(b) That portion of Ocean Front Walk extending from the south line of Atlantic Avenue and the south line of said Avenue produced in an easterly direction as a Northern boundary, to the north line of Ocean Avenue as a southern boundary, all as shown by the plat aforesaid."

It is alleged that sub-paragraph (a) of Section 1 of said Ordinance was not enacted by said Council for the public interest nor for the benefit of convenience of the public but was enacted solely for the benefit of private individuals, to-wit: The Miami Beach Improvement Company, a Florida Corporation, and Alton Beach Realty Company, a Cor-

poration, the defendants' predecessors in title to the land abutting upon said public street. That the public interest was not the motive which prompted the enacting of said sub-paragraph (a) of Section 1 of Ordinance No. 96, and the only interest or convenience subserved or intended to be subserved by the Act of the Council in enacting said paragraph of such ordinance was the private interest of the above named corporations.

It then alleged the obstruction of the street; that notice had been given to remove the obstructions; that they had not been removed and prays order that defendants be permanently enjoined and restrained from obstructing the street.

In the other bill of complaint it is alleged that in addition to the other matters and things hereinabove set forth that on the 15th day of May, 1917, the Council of the said Town of Miami Beach passed Ordinance No. 99, the pertinent part of which is as follows:

"BE IT ORDAINED by the Town Council of the Town of Miami Beach, Florida, that:

"Section 1. The following described portions of streets, alleys and highways lying and being within the corporate limits of said Town, according to the Amended Map of the Ocean Front Property of the Miami Beach Improvement Company, recorded in Plat Book 5 at pages 7 and 8 in the office of the Clerk of the Circuit Court in and for Dade County, Florida, be and the same are hereby vacated, discontinued and abolished.

"(a) That portion of Miami Beach Drive lying between the south boundary line of that street or thoroughfare designated on said plat as 'Hotel Place' produced eastwardly across said Miami Beach Drive, as a northern boundary of the tract herein vacated, and the south boundary line of

the block designated on said plat as 'Hotel Site,' produced eastwardly across said Drive as a southern boundary of the tract herein vacated.

"(b)   That certain alley extending from the south line of Seventh Street southwardly through Block Thirteen (13) to the north boundary line of Sixth Street, according to the place aforesaid.

"(c)   That certain alley extending from the south line of Sixth Street southwardly through Block Eleven (11) to its point of intersection with the circular street lying to the south of said block.

"Section 2.   This ordinance shall take effect immediately after its passage, after posting at the Town Hall of said Town for a period of four weeks."

And it is further alleged in addition to the same matters alleged in the other bill of complaint that said Ordinance No. 99 was never signed, approved or disapproved by the Mayor of the Town of Miami Beach or by any person acting as such; that there was no regular meeting of the council of said Town of Miami Beach after the 15th day of May, 1917, and prior to the abolishment of the said Town of Miami Beach on May 25, 1917, by Chapter 7672, *supra;* that by reason of Section 2 of said Ordinance No. 99 and the abolition of the Town of Miami Beach on May 25, 1917, the said Ordinance never took effect and that by reason thereof said Ordinance 99 never became a law.

The two cases were consolidated in the lower court and are considered as consolidated here.   The allegations are identical except as to the descriptions of the streets and that Ordinance No. 99 did not become effective because it was approved by the Mayor after the City of Miami Beach had been organized in lieu of the abolished Town of Miami Beach.

The motion to dismiss and the motion to strike present six (6) questions as follows:

1. "Did the bills of complaint in the two cases, or either of them, contain equity?"

2. "Was the adoption of Ordinance No. 96 on March 20th, 1927, by the Town Council of the Town of Miami Beach, and approved by the Mayor of the Town of Miami Beach on March 21st, 1927, vacating Atlantic Avenue (now Twenty-third street), a valid exercise of the authority vested in such Mayor and Town Council by the General Laws of the State of Florida?

3. "Was the adoption of Ordinance No. 99, on May 15th, 1917, by the Town Council of the Town of Miami Beach, and approved by the Mayor of the City of Miami Beach on May 29th, 1917, vacating Miami Beach Drive, a valid exercise of the authority vested in such Town Council of Miami Beach, by the General Laws of the State of Florida, and in the Mayor of the City of Miami Beach, under the Act of the Legislature of May 25th, 1917, whereby the Town of Miami Beach was abolished and the City of Miami Beach created?"

4. "Are the general allegations identical in each of said Bills of complaint, that said ordinances were not adopted by said Town Council of Miami Beach, in the public interest, but for the private interest and benefit of private individuals, sufficient to render such ordinances *ultra vires* and void?

5. "In the absence of allegations of fraud on the part of the members of the Town Council of the Town of Miami Beach, may the Circuit Court in Chancery inquire into the motives of the members of such council, which prompted the adoption of said ordinances?"

6. "Are the allegations in said Bills of Complaint contained, as to the adoption and approval of said ordinances, sufficient to raise an estoppel against the complainant now questioning the validity of said ordinances?"

Section 1851 R. G. S., 2961, C. G. L., provides as follows:

"The city or town council is further authorized and empowered to lay off such parks, streets, avenues, lanes, highways, canals, etc., as may seem necessary and expedient for the public health or interest, and to open, fill in, grade, pave, dig, dredge, widen, deepen, and otherwise extend, enlarge, change and improve the same; and said city or town council shall have power and authority to alter, widen, fill in, grade, pave, or discontinue any public park, street, avenue, alley, highway or any other way."

That the Legislature exercises plenary control over public highways, whether they be public state or county roads or streets in municipalities, is established beyond question in this State. See County Commissioners of Duval County v. City of Jacksonville, 36 Fla. 196, 18 So. 339; Carlton, Governor, v. Mathews, 103 Fla. 301, 137 Sou. 815; Stewart v. DeLand-Lake Helen Special Road and Bridge District, etc., 71 Fla. 158, 71 Sou. 42; Jarrell v. Orlando Transit Co., 123 Fla. 776, 167 Sou. 664.

So it may be said that the Town Council was vested with authority to adopt each of the ordinances and it is also to be conceded that under the provisions of Chapter 7672 of May 25th, 1917, that the governing authorities of the City of Miami Beach thereby created succeeded to and became endowed with all the powers, privileges, and duties which had developed upon such officers as officers of the Town of Miami Beach.

There is nothing in the record to show that those parts of

the streets involved were ever abandoned by the public or that the use thereof as streets or parts of streets did not continue until the same were obstructed by the defendant. Neither is it shown when such obstructions occurred.

While it is true that authority, as hereinbefore stated, is vested in the Town Council it is equally true that courts may review the exercise of such power where it has occurred arbitrarily and without regard to the rights and necessities of the public. The exercise of the discretionary power of the municipality to whom the power has been delegated to vacate streets is not ordinarily subject to judicial review unless there has been an abuse of discretion, fraud or glaring informality or illegality in the proceedings or an absence of jurisdiction. 44 C. J., p. 896, Sec. 3625. Also, it is recognized that a City has no power to sell or barter the streets and alleys which it holds in trust for the benefit of the public and cannot vacate a street for the benefit of a purely private interest. 44 C. J., p. 898, Sec. 3626.

To the same effect is 13 R. C. L. 69, Sec. 62.

The bills of complaint involved here, however, both sufficiently charge an abuse of discretion in the passage of the ordinances and that the discretion of the officials in the adoption of the ordinances was exercised arbitrarily and without regard to the rights and necessities of the public.

We think it is unnecessary to discuss the question of estoppel at this time because we find no allegations in either of the bills of complaint which would warrant the Court in holding that either bill of complaint shows upon its face that the complainant is estopped from litigating the issues involved. Estoppel has not been pleaded otherwise than by the motions above referred to and there is nothing in either of those motions which may be considered as allegations sufficient to show estoppel. We hold that the bills of com-

plaint attacked by the motions were sufficient to withstand the same and that there was no error in the orders denying such motions.

It, therefore, follows that the orders should be and are affirmed and the causes remanded with directions that further proceedings be had as may appear to be proper and in conformity with law and the rules of practice.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., concurs in the opinion and judgment.

BROWN, and DAVIS, J. J., dissent.