**N. CLARE BOWEN, v. F. S. WINTERLE, GEORGE I. MARTIN AND FRED N. LOWRY**, as and constituting the City Commissioners of the City of Tallahassee, Florida, and **THE CITY OF TALLAHASSEE**, a municipal corporation.

30 So. (2nd) 536                                 January Term, 1947
May 20, 1947                                               En Banc
Rehearing denied June 13, 1947

*W. J. Oven, Jr.*, for petitioner.

*Messer & Willis* and *J. Lewis Hall*, for respondents.

PER CURIAM:

After mature consideration of the record in this case Mr. Justice Buford, Mr. Justice Barns and Mr. Associate Justice McNeill are of the opinion that the order of the Chancellor dismissing the bill of complaint insofar as it applies to that part of Calhoun Street lying north of Tennessee Street and south of Virginia Street should be quashed with directions that injunction be granted as prayed in the bill of complaint as to widening that part of Calhoun Street and removing the trees from that part of Calhoun Street lying north of Tennessee Street and south of Virginia Street and that otherwise the decree should be affirmed, which opinion is based on the following conclusions, viz:

This suit was originally to enjoin the City of Tallahassee through its commissioners from cutting and removing trees on Calhoun Street between Lafayette Street and Virginia Street but that portion lying north of Lafayette Street and south of Call Street has been eliminated from this contest, and in fact all the trees in that area have been removed. So now we only consider the rights of the parties as they exist as to that part of Calhoun Street lying north of Call Street and south of Virginia Street, which is two blocks only. The only street lying between Call Street and Virginia Street and parallel to those streets is Tennessee Street, which street is a part of the arterial highway from Jacksonville to Pensacola and other points west. This highway is shown by the record to carry very heavy traffic and is only two blocks north of the main or chief business district of the City of Tallahassee. Traffic coming into Tallahassee on this highway, to reach the main business district where most of the hotels and other business houses are located, must turn south off of Tennessee Street onto Calhoun, Monroe or Adams Street.

Calhoun Street is a 60 ft. street; Monroe and Adams are both 100 ft. streets through the area involved here.

We find no more succinct statement of the law applicable to this controversy than that stated in Annotations, 116 A.L.R. page 95 et seq. There the enunciation is:

"Generally, municipal authorities are vested with a broad discretion in matters relating to the public streets and the removal of trees therefrom, then necessary or desirable for the improvement of the street, or to abate a nuisance, and courts will not interfere by injunction unless such discretion is being manifestly abused to the oppression of the citizen."

In support of this numerous cases are cited from twelve American jurisdictions.

Then it is said:

"Nevertheless, public authorities may not act arbitrarily in cutting down trees standing in the street to the prejudice of the abutting owner, and an injunction may be granted to restrain a removal which would serve no useful purpose and would result in unnecessary injury."

In support of this, cases from eight states are cited:

Then it is said:

"The right of a municipality to remove shade trees in public streets when necessary for the improvement of said streets, and without liability to an abutting owner, is not open to question. Neil v. Glendale (1930) 106 Cal. App. 553, 289 P. 877.

Again it is declared in Lynch v. Georgetown (1935) Del. Ch.___180 A. 594: 'The right of the individual citizen whose property abuts on a street or highway to the continued presence of trees therein is subject to the lawfully conferred paramount authority of the appropriate body having jurisdiction over the streets, etc., to remove them for the purpose of rendering the highway safe and convenient, or to carry out a plan or system of street improvements, or to prevent roots from clogging a city sewer."

Those enunciations will be found reflected in the rationale of our opinions and judgments in the cases of: Dorman v. City of Jacksonville, 13 Fla. 638; Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457; Bowden v. City of Jackson-

ville, 52 Fla. 216, 42 So. 394; Cawthorn v. Town of DeFuniak Springs, 88 Fla. 324, 102 So. 250; Burns v. McDaniel, 104 Fla. 526, 140 So. 314; Roney Investment Co. v. City of Miami Beach, 127 Fla. 773, 174 So. 26.

So, as we see it, the real question here is whether or not the City Commission indulged in a manifest abusive discretion in ordering Calhoun Street widened and the trees removed therefrom on the one block between Tennessee Street and Virginia Street. This is true because it appears to be clearly established that there was no abusive discretion in widening and removing the trees on Calhoun Street from Tennessee Street south.

It appears to us that no logical reason is shown by the record for the widening of Calhoun Street and removing the trees therefrom on the one block north of Tennessee Street and south of Virginia Street because by the perusal of the record there is not disclosed any element of public welfare, public necessity or even public convenience to be served thereby. It, therefore, follows that the action of the City Commission insofar as it affects this portion of Calhoun Street was arbitrary and constituted an abuse of discretion. This is evident because traffic going north on Calhoun Street beyond Tennessee Street would only travel one block when it would encounter a bottleneck going from a 40 ft. pavement on to a 24 ft. pavement from Virginia Street north to Calhoun's intersection with the Thomasville Road. There is nothing in either side of this block which could be better served by a wider street and, as stated above, the widening of Calhoun Street from Tennessee Street north to Virginia Street would add no material convenience to the traveling public when to the north beyond Virginia Street the street paving is to remain only 24 feet wide.

Mr. Justice Terrell concurs in the above stated views but also thinks that for like reasons the order of the Chancellor insofar as it affects that part of Calhoun Street lying between Call Street and Tennessee Street should be quashed and injunction should be granted covering the widening of and the removing of trees from that part of Calhoun Street lying between Call Street and Virginia Street.

Mr. Justice Chapman and Mr. Justice Adams dissent from these views and are of the opinion that certiorari should be quashed and the order of the Chancellor affirmed in toto.

So it is that a majority of the court, composed of Mr. Justice Terrell, Mr. Justice Buford, Mr. Justice Barns and Mr. Associate Justice McNeill now holds that the order of the Chancellor should be quashed and reversed to the extent that it applies to that part of Calhoun Street lying north of Tennessee Street and south of Virginia Street and injunction should be granted as prayed as to this area and a majority of the court composed of Mr. Justice Buford, Mr. Justice Barns, Mr. Justice Chapman, Mr. Justice Adams and Mr. Associate Justice McNeill hold that certiorari should be quashed and the order of the Chancellor affirmed insofar as it affected the widening of and the removal of trees from that part of Calhoun Street lying south of Tennessee Street.

It, therefore, follows that certiorari is granted and the order of the Chancellor is quashed insofar as it applies to that part of Calhoun Street lying north of Tennessee Street and south of Virginia Street with directions that injunction be granted as to this area without prejudice to the court below to retain jurisdiction to modify such injunction so entered as to such area if and when conditions shall have so changed as to warrant a reconsideration and other judgment in this regard and that otherwise certiorari be quashed and the order of the Chancellor be affirmed.

So ordered.

BUFORD and BARNS, JJ., and McNEILL, Associate Justice, concur.

TERRELL, J., concurs in part, and dissents in part.

CHAPMAN, J., dissents.

ADAMS, J., dissents to judgment, and THOMAS, C. J., disqualified.

TERRELL, J., concurring in part and dissenting in part: .

I agree with the judgment of Justices Buford and Barns and Associate Justice McNeill, that certiorari should be granted and the order of the Chancellor quashed insofar as

it applies to that part of Calhoun Street lying between Tennessee Street and Virginia Street. But I think his order should also be quashed insofar as it applies to that part of Calhoun Street lying between Tennessee Street and Call Street.

To me the record does not reflect the factual picture that it apparently reflects to the Justices with whose judgment I am in partial agreement. That a city has control of its streets and may extend or widen them as public necessity requires is academic, but when it attempts to turn a long established area like that involved into a business district, requiring the demolition of streets and property fronts I think there must be a public necessity shown for so doing and provisions be made for restitution to those whose property is taken or damaged. It cannot be done by arbitrary fiat and I find nothing else to support the action of respondents in this case. I think the law requires that the action of the city in a case like this be predicated on a fact finding judgment but there is a total absence of any such prerequisite. The city ordinance of Tallahassee also contemplates that the action complained of be taken with the advice and consent of the Park and Planning Board but that requirement was also ignored.

The question of enlarging the business area of the city has been mooted for months prior to the action of respondents. The city at great cost employed a city planner who prepared an elaborate plan for a Capitol Center. He recommended that the trees on Calhoun Street should not now be removed because of their esthetic and other value to the City. So far as this record discloses the citizens of Tallahassee were against their removal. The respondents had at special meetings called for that purpose, discussed the matter of widening Calhoun and other streets and had given the public to understand that no summary action in the matter would be taken; that all interested would be given ample opportunity to be heard, but despite these assurances, they were, on October 22nd ordered removed, the work of removal to commence at 7:30 the following morning, a few hours after the order was given.

Respondents justify their abrupt change of front on the

ground that the time had arrived to enlarge the business area of the City. I think their unsupported opinion falls far short of the standard of legal requirements to justify their action. The mere fact that a city is authorized to widen, lay out, and improve its streets, does not authorize it to peremptorily invade and mutilate the property of its citizens. When public necessity requires that streets be widened the law provides an orderly way for it to be done and for those directly injured to be recompensed, but I do not find where any effort was made to follow the law in this case.

In a democracy like ours I have always understood that the people sit in the drivers seat and that sovereignty resides in them. True, sectors of it may be delegated to their trustees to be exercised with discrimination, but under no circumstances are such trustees warranted in assuming the role of autocrats. The fluidity of the times constantly requires us to think anew and remold some democratic concepts to accommodate them to the delicate and intricate factual situations that constantly confront us, but I know of no circumstances that warrant us in discarding the right of due process and equal protection when one's property is appropriated for public use.

For the reasons so stated I think the certiorari should be granted and the judgment below quashed in so far as it affects all that part of Calhoun Street between Call and Virginia Street.

CHAPMAN, J., dissenting:

It is my view that the petition for a writ of interlocutory certiorari should be denied on authority of Rodney Investment Co. v. City of Miami Beach, 127 Fla. 773, 174 So. 26; Burns v. McDaniel, 104 Fla. 526, 140 So. 314; Cawthon v. Town of DeFuniak Springs, 88 Fla. 324, 102 So. 250; Bowden v. City of Jacksonville, 52 Fla. 216, 42 So. 394; Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457; Dorman v. City of Jacksonville, 13 Fla. 638.

ADAMS, J., concurs.