**ARBOUR PARK CIVIC ASSOCIATION, Inc., Plaintiff,**

v.

**CITY OF NEWARK and A & D, Inc., Defendants.**

Court of Chancery of Delaware, New Castle.

July 1, 1970.

Morton Richard Kimmell, of Tybout & Redfearn, Wilmington, for plaintiff.

Clyde M. England, Jr., of Killoran & VanBrunt, Wilmington, for City of Newark.

William J. Taylor, III, of Berg & Taylor, Wilmington, for A & D, Inc.

MARVEL, Vice Chancellor:

Plaintiff, which purports to own land in Arbour Park, a residential development located in Newark, and which claims to represent the desires of some ninety percent of the land owners in such development (who allegedly oppose sidewalks in Arbour Park), having failed by other means, administrative and otherwise, to forestall the installation of sidewalks in such development, has filed this action which seeks injunctive relief against the continued construction of such sidewalks.

On May 27, 1970, defendants were temporarily restrained from proceeding with the construction complained of, and this is the opinion of the Court on the return of the rule then issued on the question as to whether or not a preliminary injunction should issue in conformity with the terms of the earlier restraining order.

Plaintiff contends that the unwanted installation of sidewalks in the aforesaid development will, if permitted to proceed, cause unnecessary and unwarranted injury to the residents of Arbour Park, an uncrowded development located in a largely wooded and hilly area which allegedly has no real need for sidewalks, by bringing about a loss of natural beauty as well as depreciation in the value of homes in such development as a result of grading, the removal of valuable trees and shrubs, and the exposure of shallow topsoil to erosion. Plaintiff goes on to contend that in authorizing and directing such allegedly superfluous and damaging sidewalk construction, the Mayor and Council of Newark acted in bad faith, having entered into such project unreasonably, arbitrarily, oppressively, fraudulently and in a discriminatory manner. It accordingly contends that further construction of the sidewalks in question must be preliminarily enjoined until final hearing.

The City Charter of Newark (§ 411) provides that the installation of sidewalks shall be directed when the City Council shall determine that public convenience or necessity so requires. Other sections of the Newark City Charter provide, however, that variances from the standard charter provisions having to do with sidewalks may be granted, and further that such construction shall be so designed so as to avoid the unnecessary destruction of trees and important shrubbery.

On July 31, 1967, the report of the then City Planner of Newark had recommended that the provisions which excepted "R–H" residential districts from the requirement of installing sidewalks should be extended to "R–T" districts, the type of residential district in which Arbour Park is located. However, an earlier City Planner had made a contrary recommendation, and when Council, which is not bound by the recommendations of the City Planner, adopted a

uniform sidewalks policy for the entire city on October 24, 1967, no exception was made for Arbour Park. As amended to July 8, 1969, regulations concerned with sidewalks in a subdivision of Newark such as Arbour Park, as opposed to sidewalk regulation by ordinance in older parts of the City, direct as follows: "Sidewalks shall be provided on both sides of all streets * * *" § 1208.2, Subdivision Regulations.

In the case of Lynch v. Town Council of Georgetown, 21 Del.Ch. 25, 180 A. 594, plaintiff, in bringing suit for injunctive relief, complained of the injury which he would suffer as a result of the removal of trees standing on the curb-line in front of his office in Georgetown. Such removal was deemed necessary to the completion of a project for the widening of Market Street by the State Highway Department under a plan which had been approved by the Town Council of Georgetown.

■ Pointing out that the right of the individual citizen, whose property abuts on a street, to the continued presence of trees therein is nonetheless subject to the paramount authority of the government, exercised fairly and in good faith, to have curb-line trees removed in the interest of public safety and convenience, the Court dissolved an earlier restraining order and allowed the trees to be removed. In other words, when citizens and the governing authorities have a difference of opinion as to the desirability of municipal action, courts will not inquire into the motives of members of a municipal legislative body in making a determination as to the validity of an ordinance enacted within the scope of such legislative body's legitimate and properly exercised powers, Klaw v. Pau-Mar Construction Company, 11 Terry 487, 135 A.2d 123. See also Campbell v. Commissioners of Bethany Beach, 37 Del.Ch. 233, 139 A.2d 493, 497. In the case of Bowen v. Winterle, 159 Fla. 3, 30 So.2d 536, relied on by plaintiff, there was no logical reason demonstrated for the spot street widening complained of.

And while plaintiff seeks to establish the impropriety of the action taken by the Mayor and Council in requiring sidewalks for Arbour Park and attributes such actions to an existing feud between the City and the defendant A & D, Inc., I am satisfied, after giving due consideration to the moving papers before me, that A & D, Inc., in installing sidewalks in Arbour Park, is merely doing what it is required to do and that the defendant City of Newark, in requiring the installation of sidewalks in Arbour Park in a manner designed in large degree to avoid unnecessary destruction of trees and shrubs, was motivated by concern for appropriate and proper needs, such as pedestrian safety, convenience in busing children, uniformity as to sidewalk requirements for semi-urban areas, as well as for other legitimate reasons.

■ A preliminary injunction will not issue unless the person seeking it can satisfy the Court that there is at least a reasonable probability that he will achieve ultimate success on final hearing, Consolidated Film Industries v. Johnson, 21 Del.Ch. 417, 192 A. 603.

■ Here I am of the opinion that plaintiff has failed to cast any real doubt on the good faith motives of the Mayor and Council of Newark in requiring the builder here involved, the defendant A & D, Inc., to install sidewalks in Arbour Park in conformity with established subdivision practice, and that there is no reasonable probability that plaintiff will succeed on final hearing in establishing that the Mayor and Council have acted fraudulently, capriciously, or in an arbitrary manner. Because of the results here reached, it will be unnecessary to deal with the question as to whether or not plaintiff has standing to sue on its own behalf and that of other land-owners in Arbour Park.

Plaintiff's application for a preliminary injunction against continued construction of sidewalks in Arbour Park will be denied and the restraining order heretofore entered herein will be dissolved.

Order on notice.