CITY OF GAINESVILLE, A MUNICIPAL CORPORATION, *Appellant*, v. W. R. THOMAS, *Appellee*.

1. One purchasing certain lots, according to a recorded plat, showing streets between those lots, does not thereby acquire title to those streets as against the public easement.

2. When a municipality acts promptly upon the first visible encroachment upon a "street" as indicated upon a recorded plat, and there has been no withdrawal of the dedication no laches appears, even though the streets had not been formally accepted and the plat had been recorded about twenty-five years.

3. General allegations of adverse holding and occupancy, without specific facts as to an actual ouster or interference, do not estop a municipality from asserting a public easement.

4. Expenditure of money in beautifying premises does not give an equity as against a municipality's right to a street, so as to convert public into private property.

This case was decided by Division A.

Appeal from the Circuit Court for Alachua County.

STATEMENT.

The bill of complaint filed by Thomas against the city alleges:

"1st. Your orator would show unto your Honor, that he is a citizen and resident of the City of Gainesville, in the County of Alachua, State of Florida, and that he has been a citizen and resident of said city for more than forty (40) years last past; and that your orator is the owner in fee simple, and in possession and occupancy of all those certain lots or parcels of land situated and being in the City of Gainesville, Alachua County, Florida, being more

particularly described as follows, to-wit: Lots numbered from One (1) to Twenty (20) inclusive, according to a map of the Hill and Lassiter Addition to the City of Gainesville—a copy of which is hereto attached, made a part of this Bill, marked 'Exhibit A,' and to which your Honor is prayed to refer as occasion may require.

2nd. Your orator would further show that your orator and his predecessors in title, have been in the actual, open and notorious possession of all of the above described lots of land, and the intervening space thereon marked, viz: Hill Street, Bay Street, Line Street and Sweetbriar Street, for more than thirty (30) years last past, and that your orator is now in possession of same. That said map was made by Miller & Jenkins, Civil Engineers, in January, 1886, and that the same was recorded in February, 1886, in Plat Book 'A,' at page 14, as appears, by reference to said map, a Copy of which is attached hereto, as 'Exhibit A.'

3rd. Your orator would further show, that he is the owner in fee simple, seized and possessed and is in the actual occupancy of all of the adjoining and contiguous property on the West, except a strip along the Southwest corner of said addition, being about one hundred feet (100) North and South, by two hundred (200) feet East and West, and commonly known as the Chapman property. That your orator is the owner in fee simple and is seized and possessed and is in the actual occupancy of all of the land contiguous to and adjoining on the North of said Addition, and which is marked on the map filed herewith as 'Exhibit A,' to-wit—'Estate of Carter.' That your orator is the owner in fee simple, and is seized and possessed and in the actual occupancy of nearly all of the land bordering on, contiguous to and adjoining on the East of said Addition; and that your orator also owns in fee

simple and is in the actual possession of all of the property contiguous to and adjoining the South of said Addition, except Lot 21 of said Addition; and the property adjoining said lot on the South. Your orator would therefore show that he owns, and is in the actual possession of the entire Hill & Lassiter Addition to the City of Gainesville, and all of the land indicated upon said map, except Lot 21, which lot is not owned by your orator.

4th. Your orator would show unto your Honor, that on, to-wit: the 14th day of February, A. D. 1910, the Honorable Horatio Davis, Mayor of the City of Gainesville, Defendant herein, served your orator with a certain notice, which notice is in the words and figures following, to-wit:

To Maj. W. R. Thomas:

I have been notified by the Chairman of the Street Committee of the City of Gainesville, Florida, that there are certain fences, encroachments or other obstructions on or over the following streets in said city, viz:

Line Street (continuance of Oak Street) from Lassiter Street North. Hill Street from Line Street East to Sweetbriar St. Bay Street North from Lassiter Street. Sweet Briar Street (Continuance of Myrtle Street) North from Lassiter Street.

And that you are the owner, occupant, claimant or person interested in said fences, encroachments or obstructions.

You are hereby notified to remove or abate said nuisances within thirty days from the service of this notice upon you.

February 14th, 1910.

Horatio Davis,
Mayor of the City of Gainesville, Florida.

And your orator would show that under and by virtue

of said notice, that the Honorable Mayor has notified your orator that pursuant to notice given him by the Chairman of the Street Committee of said defendant city, to remove all fences encroachments or other obstructions on or over certain streets of said city, as in and by said notice mentioned, within thirty (30) days from the service of said notice upon your orator, and your orator says that the same was served upon him on or about the 14th day of February, 1910.

5th. Your orator would further show unto your Honor that the said defendant, the City of Gainesville, by and through its Mayor, the Honorable Horatio Davis, has threatened and has averred and stated, that it his intention, as such Mayor, to issue an order or warrant to the Marshal of defendant city, and to direct and instruct the Marshal therein, to enter upon the premises of your orator above described, and to tear down and destroy the fences and improvements thereon made by your orator, and to open certain pretended streets claimed by the city defendant, known as Line Street, Hill Street, Bay Street and Sweetbriar Street, as the same appear upon the said map filed herewith as 'Exhibit A.'

6th. Your orator would further show unto your Honor, that the said lines marked and indicated upon said map as said *Hill, Line, Bay and Sweetbriar Streets,* have never in fact, been dedicated as streets; that said lines indicated as streets have never been accepted by the defendant city of Gainesville, as streets—that said lines so indicating streets, have never been used by the public or the city of Gainesville, defendant herein, as streets; that the same have always been owned, used, occupied enjoyed and possessed by the owners of the lots of the said Hill & Lassiter Addition, for their own convenience and pleasure. That the said streets have no exit extending North of said line

of said addition; that they have no exit extending East through said addition; and that they have no exit extending West through said addition—nor have they any exit extending South through said addition, as shown by the map filed herewith as 'Exhibit A.' And your orator would further show, that the said lines so indicated as streets on said map, are in no wise essential to the public interest—to the public good, or to the public convenience; and that the interests of the public, nor the exigencies of the public in no wise require the opening of said streets, so claimed by defendant city; but that said streets, as shown by the map, simply lead into, and out of the property of your orator.

7th. Your orator would further show, that he purchased said property, known as the Hill & Lassiter Addition, as hereinbefore set forth, and the contiguous territory hereinbefore stated, about one (1) year ago, or thereabouts; and that upon all of that property embraced within the said Hill & Lassiter Addition, from the East side of Sweetbriar Street to the West side of Line Street, and from the Northern to the Southern boundary of said addition, that certain great and valuable improvements were commenced, and in process of construction at the time of your orators said purchase—the same having been begun by one of the predecessors in title of your orator, the late C. W. Chase, who was a citizen and resident of the defendant city, and who departed this life about one (1) year ago. And your orator would show, that at the time of the purchase of the said property, the said C. W. Chase had begun the erection and construction of a home, located upon Lots 6, 7, 14 & 15, as shown on said map, and that at the time of the death of said C. W. Chase, he had expended about $37,000.00 upon said home; that the said residence building so commenced by the said C. W. Chase,

is built upon strong and durable concrete foundations, that go deep into the earth—about (10) ten feet or more. That a part of said residence building, viz: a driveway, it is claimed and pretended by the said city defendant, jots out a few feet into the space indicated as 'Hill Street' on said map,—and the said defendant city is now threatening to tear down and tear away the said driveway—thereby destroying a part of said building so commenced by the said C. W. Chase.

8th. Your orator would show, that since he has purchased said property, he has almost completed the residence building so commenced by the said Chase, and has spent perhaps eight or ten thousand dollars ($8,000. or $10,000.) in finishing said building—and that your orator is now occupying the same as his home.

9th. Your orator would further show, that in all of the territory embraced from the East side of Sweetbriar Street to the West line of Line Street, and between the Northern and Southern boundaries of said addition—and in fact, for two or three hundred feet, in the land on the West of said addition, to what is known as University Street—and that your orator has had all of said property put in beautiful condition by a landscape gardener—and has spent perhaps more than ten thousand ($10,000.) dollars, in beautifying, improving and making a magnificent place of said property; that around and in said grounds, your orator has had a great expense built wide, and magnificent granolithic walks; that from the front of your orator's said home, located upon lots 6, 7, 14 & 15, thence West to University Street, your orator has had constructed a fine, substantial and magnificent granolithic walk; and that about half the distance between your orator's house and said street, your orator has had put in a fountain and round the fountain ferns, flowers and shrub-

bery have been planted in order to make beautiful and symmetrical the surroundings.

10th. Your orator would show unto your Honor, that during the progress of all these improvements upon said property, which said improvements will aggregate perhaps Sixty Thousand ($60,000.00) Dollars, or more, the City of Gainesville was fully, thoroughly and completely cognizant of all and every thing that was being done there; that particularly the City Council of said defendant city, had full and perfect knowledge of all and every improvement that was being made about said property, and that the citizens of said city generally knew it, and your orator says, that with a full, complete and perfect knowledge upon the part of each and every officer of said city, and of the citizens generally, that there was never a word said by the citizens of Gainesville, defendant herein; by its City Council, by any of its police force, or by any of its officials whatsoever, in regard to any claim of the city to any alleged or pretended streets in said addition, and that only after the expenditure of about Sixty Thousand Dollars in money, trying to make a magnificent and beautiful estate; and only after all of the improvements have been made and almost entirely completed, has the City of Gainesville, defendant herein, said one word about the alleged and pretended streets.

11th. Your orator would further show, that unless the City of Gainesville, defendant herein, is enjoined and restrained by an order of this court, its agents, servants and employees, and its police force, and its officials, that the said defendant city will carry out its avowed purpose and intention and threat, to enter upon the premises of your orator, to pull down and destroy his fences, and take possession by sheer force of might of all of those lands indicated upon said map as Line, Hill, Bay and Sweet Briar

Streets, and thereby absolutely destroy all of the beauty and magnificence of your orator's said property, and will entail a loss upon your orator of thousands and thousands of dollars; and will so disrupt, break down and destroy your orator's said property, and will place the same in such shape as to work an irreparable injury to your orator, in that, your orator could not enjoy said property in the manner in which he now enjoys the same, and would destroy the property in the character in which it has been held.

12th. Your orator would show unto your Honor, that the character and condition of said property as it is to-day, is of far greater benefit to the defendant city, than any, or all of the strips of land that the said city is now trying to claim as streets, and trying to open up; that said estate, as it now exists, presents a picture of beauty; that to the landscape upon which large trees have grown and the shrubbery and growth of green that is given by nature, your orator has been added by the expenditure of large and vast sums of money, and the employment of a landscape gardener, the further beauty of grass, ferns and flowers, to give symmetry and beauty and charm to said estate—and that said property is now one of the attractive features of the said defendant city, and an advertisement for said city.

13th. Your orator would further show, that the said city of Gainesville, as aforesaid, has never accepted said pretended streets, or recognized the same in any way, either by any official declaration of its municipal body, or by the use of same by the public, and the same are of no interest, or no benefit whatever to the defendant city, or the public, as they simply enter into and extend out of the entire property of your orator.

35 Vol. 61

14th. Your orator would show that Sweet Briar Street is open from Lassiter Street South, but that the same is not open North of Lassiter Street, and never has been.

15th. Your orator further alleges, avers and declares the truth to be, that the said defendant City of Gainesville, has no legal and proper ordinances for the opening of streets, or the regulation and control of same, and that the City of Gainesville has no authority and no legal right to summarily enter upon the premises and the property of your orator, and take from your orator any part or parcel of said land, under any pretended claim by said city, that the same belongs to it—and that the said defendant city is seeking to enter upon and destroy the property of your orator, and to take from your orator the said strips hereinbefore mentioned and indicated upon said map, without any legal or lawful proceedings in any court of competent jurisdiction whatsoever, and refuses to give your orator an opportunity to be heard upon your orator's title, claim and possession of said property. That the said defendant city has never caused to be instituted any condemnation proceedings for the purpose of acquiring said property, nor any action of ejectment, or action of any character whatsoever in any court, State or Federal, for the purpose of acquiring said property; but avers and declares it to be its intention to take said property by sheer force and power, and unless restrained and enjoined by an order of this Honorable Court will carry out its threat."

Upon these allegations an injunction was prayed and granted. A demurrer to the bill was overruled, and upon appeal therefrom error is assigned.

*Robert E. Davis,* for Appellant.

*W. S. Broome,* for Appellee.

COCKRELL J., (*after stating the facts.*)—The main argument here in support of the bill is equitable estoppel. By express statutory enactment, municipalities are excepted from the operation of the statute of limitations, General Statutes, section 1714.

Whether in any case the doctrine should be applied to municipalities in the exercise of their governmental, as opposed to their proprietary functions, is a delicate question. In some States, under exceedingly pursuave conditions, it has been applied, as in Peoria v. Central Nat. Bank, 224 Ill. 43, 79 N. E. Rep. 296, 12 L. R. A. (N. S.) 687, while it seems to be wholly denied in the oft cited case of Webb v. City of Demopolis, 95 Ala. 116, 13 South. Rep. 289, an exhaustive opinion by the late Judge McClellan. There is nothing, however, upon the case as made before us to call for a decision upon this vexed question.

The complainant had bought but a year before filing the bill and his deed did not purport to convey to him the territory occupied by these streets, as against the public easement. His deed does not call for the spaces lying between the lots he purchased, but specifically describes the twenty lots by reference to the plat, and the plat filed as Exhibit A shows that lots 2, 3, 4 and 5 are separated from lots 6, 7, 8 and 9 by Hill Street in which the objectionable structure was placed by him. The plat further shows that lots 6, 7, 15 and 14 upon which the residence, commenced by his predecessor Chase, and completed by him, was located, constitute a block in said plat, surrounded by Hill, Bay, Lassiter and Line Streets, and there is nothing in the bill to indicate that his predecessor attempted to intrude the building one foot into any of these "streets."

In spite of the allegation that the streets were never dedicated, the plat shows the contrary, as it would appear to have been voluntarily placed upon the records in 1886

by the then owners, as a continuing proffer to the city for
use as streets, whenever the city should deem it advisable
to assume the responsibility of its acceptance. This con-
tinuing offer has never, so far as we are advised, been re-
voked by the dedicators, who sold the tract with reference
to this dedication, and we are advised that part of this
tract is now owned by another than the complainant.

There are general allegations of adverse holding and
occupancy, but no specific fact as to an actual ouster or
interference with the public easement is set forth in the
bill, other than the "part of said residence, viz: a drive-
way," the building of which appears to have brought forth
prompt resistance from the city authorities.

The complainant can acquire no equity by the expendi-
ture of money in beautifying the premises. Before making
the expenditure, it was open to him, as well as the city,
to inquire into the title to these streets, and property ded-
icated for a public highway does not become private prop-
erty because an individual may from his viewpoint, deem
it to the best interest to the public, to so divest it, however
laudable the motive may be.

We do not understand that the city threatens to do
aught else than to keep open as public streets, property
theretofore dedicated for that purpose which is now ac-
cepted. It has done no affirmative act, which under any
reasonable application of the doctrine of equitable estop-
pel as applied to a municipality, destroys its positive duty
to keep open the thoroughfares which it accepts, to the
full enjoyment of the general public.

The complainant seeks the aid of a court of equity to
protect him in his encroachment upon a public right, he
fails to show in himself title to these "streets" and the de-
murrer should have been sustained.

Decree reversed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.