CITY OF ST. PETERSBURG, A MUNICIPAL CORPORATION, ERNEST F. KITCHEN, DIRECTOR OF PUBLIC WORKS OF CITY OF ST. PETERSBURG, AND GEORGIA ENGINEERING COMPANY, A CORPORATION, *Appellants,* v. HERCULES N. MELOCHE, *Appellee.*

En Banc.

Opinion Filed October 20, 1926.

Evidence examined and found sufficient to warrant granting to complainant an injunction restraining defendants from appropriating certain property for street purposes.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Decree affirmed.

*George W. Wylie* and *Leland V. Collins,* for Appellants;

*Lane & Bussey,* for Appellee.

KOONCE, Circuit Judge.—The complainant in the court below filed his bill for injunction to restrain the City of St. Petersburg, its officers, agents and employees from appropriating certain land in that city for street purposes, alleging that he was the owner of said land by reason of adverse possession for more than seven years and that there had been no condemnation or lawful means used by the city to acquire said land for street purposes. The defendants filed answer denying the ownership of the complainant, denying his possession and claiming the land to be public property owned and occupied by the city and held exclusively by the city for the use and benefit of the public generally. There was also a demurrer to the bill.

A temporary injunction was granted the complainant, and upon motion to dissolve such temporary injunction the Circuit Judge personally heard all the testimony and considered the entire controversy, and upon such consideration denied the motion to dissolve injunction. From the order denying motion the defendants appeal to this court.

The complainant claims the land in dispute by actual adverse possession for more than seven years, not basing his claim upon any color of title by written instrument. The defendant's claim for the city is that the land was dedicated for street purposes by the former owner of the same.

Many years ago one J. C. Williams was the owner of the entire tract of land upon which the City of St. Petersburg now stands. He platted his land for a town and in the map or plat there appears South Block G. and East of First Street, South, a triangular strip of land about twenty-five feet wide on the north end and about one hundred and twenty feet along the west side. It is this strip which is in dispute.

While the answer of the defendants does not expressly aver that the city claims by a dedication, as in the case of McGourin v. Town of DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541, and City of Marianna v. Daniel, 74 Fla. 103, 76 South. Rep. 692, it must be conceded that such is the only claim on the part of the City of St. Petersburg to the property. It is not pretended to show by the testimony that the city ever exercised any possession other than the mere fact of the map or plat being recorded, until it undertook the act enjoined by this suit.

It is true that the map filed in evidence shows that below Block G. on First Street South, there is a vacant space which might by a casual glance at the map indicate that it was intended as a street, or part of a street, but when

it is taken into consideration that all streets are designated as one hundred feet wide (which is admitted by the parties before the court), between property lines (inclusive of curbings), then it is apparent that this triangle was neither included in the street, or platted as a lot or block. From an examination of the evidence the explanation of this seems to be that at the time the land was platted this triangle was under water, and since that time it has been filled in and reclaimed as submerged land, and it is now possible to extend Beach Drive southward to intersect with First Street South at the point of this triangle. The city, however, appears to have undertaken to curve or widen Beach Drive in such a manner that the street would take a large portion of the south end of the triangle. Hence the injunction.

The city not only failed to do any act which evidenced an acceptance of a dedication of this triangle for street purposes, but it appears that in a sense it recognized the claim of the complainant in that he rented from the city a dredge to use in the work of filling in and reclaiming the land, the city engineers examined and approved the work as to grade, levels, etc. This case is not like that of City of Gainesville v. Thomas, 61 Fla. 538, 54 South. Rep. 780. In that case Thomas purchased the land with full knowledge of the recordation of a plat or map which clearly defined the streets, and the city immediately upon the first visible encroachment upon the street promptly acted, whereas in the case now before the court the City of St. Petersburg permitted the complainant to fill in the property and make claim thereto, and though not bound by the statute of limitations it seems that it is at least estopped from denying complainant's possession or making claim to the land after so long delay. In this case the "intention" on the part of the owner platting the land to make this

triangle part of a street was not clear and unmistakable. It is rather apparent that he considered the land submerged and incapable of being platted.

As has been said by this court in the case of City of Miami v. Florida East Coast R. Co., 79 Fla. 539, 84 South. Rep. 726: "To constitute a dedication at common law there must be an intention on the part of the proprietor of the land to dedicate the same to public use; there must be an acceptance by the public; and the proof of these facts must be clear, satisfactory and unequivocal."

As to the title of the complainant by adverse possession, it is true that his claim not being founded upon a written instrument, or color of title, paragraph 2 of Section 2936 of Revised General Statutes of Florida applies as to what constitutes the occupation or possession required, viz: "1. Where it (the land) is protected by substantial enclosure, or 2, where it has been usually cultivated or improved." In considering the meaning of the word "improved" as used in the statute, each case depends upon the circumstances of that particular case. In the one under consideration it could hardly be expected that the land should be cultivated as a farm, or even to have been enclosed by substantial fence. Reclaiming it from submerged land, having a house extending upon a portion of it, planting some trees upon it, placing the black dirt upon it, and keeping a wood pile thereon and the general notice to the public might appear sufficient. In the case of Bensdorff v. Uihlein, 132 Tenn. 193, 177 S. W. 481, we find very similar circumstances. Under a statute practically the same as ours as to the necessary occupancy or possession, it was held that a triangular piece of land was so adversely held by the claimants though the only evidence was that they had paved the same, it lying contiguous to their store building, and had used it as an entrance to their store, the

general public being also permitted to constantly use the same.

It is unnecessary to go into a full discussion or review of the testimony in this case. The chancellor heard each witness and he applied the evidence as he heard it to the law of the case. Enlarging and revising the statement of Justice ELLIS in the case of City of Marianna v. Daniel, above, it might be said: The questions here are not so much matters of law either as to what constitutes dedication and acceptance of land for street purposes or what constitutes occupation or possession necessary to acquire by adverse possession, but rather the questions of fact whether a dedication of the particular land had been made and accepted and whether or not there was adverse possession by complainant.

An examination of the evidence does not show that the conclusions reached by the chancellor were erroneous, therefore the judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the court below should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.