## CITY OF ST. PETERSBURG v. ATLANTIC COAST LINE R. CO.

### No. 9144.

Circuit Court of Appeals, Fifth Circuit.

Jan. 7, 1943.

Carroll R. Runyon and Harry I. Young, both of St. Petersburg, Fla., for appellant.

McKinney Barton, of St. Petersburg, Fla., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The city of St. Petersburg, Florida, brought an action in ejectment to recover the use and possession of a vacated and closed portion of a street which, since the year 1905, has been continuously used and occupied by the Atlantic Coast Line Railroad Company as part of the site of a freight depot. The material facts were stipulated, judgment was entered for the railroad, and the City appealed.

Eighth Street South was and is a public street in the City of St. Petersburg. Reciting as a preamble that the railroad company desired to build a freight depot on Eighth Street, and that the erection of such depot would be for the benefit of the City, the City Council of the City of St. Petersburg on September 21, 1904, passed Ordinance 73 to vacate and close the portion of Eighth Street involved in this action, and to convey the property to the railroad for use as a freight depot. By Ordinance 88, approved February 24, 1905, the City further authorized the railroad to occupy the vacated portion of Eighth Street described in Ordinance 73, "for the purpose of constructing and maintaining a freight depot thereon". By warranty deed dated December 3, 1904, the railroad acquired from the owner title to lots 75 and 76 of Ward and Baum's Addition to St. Petersburg, which lots abutted the vacated and closed portion of Eighth Street.

Shortly after the passage of Ordinance 88, the railroad erected a new passenger station at the site of its combined freight

and passenger depot, and began the construction of a new, wooden freight depot extending across Eighth Street and occupying that portion of the street which had been vacated and closed by the City. The freight depot was completed in October, 1905. In 1913 the railroad began construction of a brick freight depot upon the same property, and at that time nearby property owners sought to enjoin the City from permitting and the railroad from constructing, the depot. The railroad company defended the action alone, and on demurrer the bill for injunction was dismissed by the trial court. On appeal, the judgment was affirmed. Bozeman v. City of Petersburg et al., 74 Fla. 336, 76 So. 894. More than twenty years thereafter, and on August 20, 1935, the City Council passed Ordinance 824-A, repealing Ordinances 73 and 88, and authorizing the proper City officers "to take such necessary steps to effect the opening of such portions of Eighth Street as are now closed and obstructed as particularly described in this Ordinance for the use by the public for the purpose of public travel". Thereafter the present action was instituted in the State Court, and then removed to the Federal Court.

Appellant contends: (1) That the City had no legislative authority to pass Ordinances 73 and 88; (2) that if the City did have authority to vacate and close the street, the authority was improperly exercised "for the benefit of a private corporation" —an action "not sanctioned at law"; and (3) that the action of the City was, at most, a grant to a private corporation of a right or franchise in the street, "which said franchise is revocable when the said street becomes necessary for the benefit of the public welfare of said City".

■ It is stipulated that at the time of the passage of the questioned ordinances there was applicable to the City of St. Petersburg a statute of the State of Florida which became effective in 1887, and which provided that city councils "shall have power to regulate, improve, alter, extend and open streets". Fla.C.G.L.1927, Sec. 2953 (1843). There was also in force Sec. 680 of the Revised Statutes of the State of Florida of 1892, which was effective on June 14, 1892, and which provided that a "city or town council shall have power and authority to alter * * * or discontinue any park, street, avenue, alley, highway or any other way which has here-

tofore been laid out, fixed or established". The latter statute clearly provides that streets "heretofore * * * laid out" may be discontinued. The contention that Eighth Street had not been theretofore laid out, fixed, or established, is foreclosed by Paragraph 20 of the Stipulation of Facts which unequivocally states that Eighth Street, "embracing the property in litigation herein had been laid out, fixed and established prior to June 14, 1892", and remained as such was laid out, fixed and established until the passage of Ordinances 73 and 88. Appellants say, however, that construction of Sec. 680 should be made only after consideration of a prior statute, Sec. 2 of Chapter 3164 of the Florida Laws of 1879, and that the words "heretofore been laid out" should be limited to mean laid out and established prior to the passage of the original act of 1879. There is no necessity for referring to the old act. The Revised Statutes of 1892 were passed pursuant to Chapter 4055 of the Florida Acts of 1891, which provided that all statutes and parts of statutes not included in the revised statutes were repealed. Sec. 680 is plain and unambiguous on its face, and there is no occasion to resort to the prior statute to raise and resolve a doubt that does not exist. The City had statutory authority to alter, vacate, or discontinue the street. 59 C.J. p. 1098, § 648; Florida Cent. & P. R. Co. v. Ocala St. & S. R. Co., 39 Fla. 306, 22 So. 692; Florida East Coast Ry. Co. v. Worley, 49 Fla. 297, 38 So. 618, 623.

■ Appellant's contention that the vacation of Eighth Street was for the benefit of a private corporation, and therefore unauthorized and void, overlooks the fact that the Atlantic Coast Line Railroad Company is a public utility corporation; and that, as the first ordinance recites, the erection of the new freight depot on Eighth Street was for the benefit of the City and its inhabitants. Under the provisions of Section 17, Chapter 5361, Acts of Florida of 1903, the City Council had authority "to grant by lease for a term of years easements or fee simple titles to public utility corporations any public properties". The railroad company accepted the benefit of the ordinances and lived up to its obligations, and built a new passenger depot at the old location and a new freight depot at the agreed location on Eighth Street. It cannot be doubted that development of the freight and passenger transportation facilities to and from St. Petersburg played no small part in

the progress and development of the City through the past thirty-five years. The case at bar does not fall within the rule prohibiting cities from vacating public properties, which they hold in trust, for the private use of individuals and corporations. McQuillin, Municipal Corporations, 2d Ed., Vol. 4, Par. 1520, p. 265 et seq. Cf. Lutterloh v. Town of Cedar Keys, 15 Fla. 306; Florida Cent. & P. R. Co. v. Ocala St. & S. R. Co., 39 Fla. 306, 22 So. 692; Roney Investment Co. v. City of Miami Beach, 127 Fla. 773, 174 So. 26.

As to appellant's third contention, we think it clear that a re-establishment of the vacated portion of Eighth Street may not be accomplished by simply passing an ordinance repealing Ordinances 73 and 88 which have been relied upon through the years. These ordinances were accepted and large amounts of money expended to accomplish the necessary improvements, and destruction of the railroad properties so placed on that property may not be accomplished, except by condemnation or other legal proceedings which allow just compensation for their taking. Atlantic Coast Line R. Co. v. Duval County, 114 Fla. 254, 154 So. 331; Atchison, T. & S. F. R. Co. v. City of Shawnee, 8 Cir., 183 F. 85; Grand Trunk Western R. Co. v. City of Flint, D.C., 55 F.2d 384; City of Flint v. Grand Trunk Western R. Co., 5 Cir., 69 F.2d 604.

These propositions aside, however, we think that under the undisputed facts in this case it would be manifestly inequitable and altogether unjust for appellant to prevail in this action. For more than thirty years all parties in interest relied and acted upon the ordinances passed by the City Council in 1905. The contested portion of Eighth Street was vacated; at great cost new depots were erected and switching facilities were constructed. These improvements did not enure alone to the benefit of the railroad, the City of St. Petersburg and its citizens were benefited by such improvements throughout all these years. At this late day the City should not, and may not, be heard to complain. McQuillin, Municipal Corporations, 2 Ed., Vol. 4, Par. 1515, p. 251; City of St. Petersburg v. Meloche, 92 Fla. 770, 110 So. 341; Twenty-Third St. R. Corp. v. City of Miami Beach, 140 Fla. 257, 191 So. 464, 469; Florida East Coast R. Co. v. City of Miami, 76 Fla. 277, 79 So. 682, 686, 1 A.L.R. 303.

The judgment is affirmed.