**ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,**

v.

**CITY OF ST. PETERSBURG, FLORIDA, Appellee.**

**No. 16266.**

United States Court of Appeals Fifth Circuit.

April 5, 1957.

Charles Cook Howell, Jacksonville, Fla., Sam H. Mann, Jr., Baya M. Harrison, Jr., St. Petersburg, Fla., Phil C. Beverly, Wilmington, N. C., for appellant.

S. E. Simmons, Carroll R. Runyon, Erle B. Askew, St. Petersburg, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The Atlantic Coast Line Railroad Company, herein called the Railroad, is a Virginia Corporation and an interstate rail carrier of freight and passengers doing business in and between the States of Virginia, North Carolia, South Carolina, Georgia, Florida, and Alabama. In 1904 the City of St. Petersburg, a municipal corporation of Florida, adopted its Ordinance 73 reciting that the Railroad desired to build a depot on a part of Eighth Street therein described, situated in said City, and that the City and its inhabitants would be thereby benefited. By the Ordinance the designated portion of the street was closed and conveyed to the Railroad for depot purposes with a proviso that if the Railroad ceased to maintain a depot on the premises or abandoned the same the title should revert to the City. By Ordinance 88, enacted the following year, it was made definite that the structure to be erected upon the closed portion of Eighth Street was a freight depot. This Ordinance authorized the Railroad to construct, maintain and operate its freight yards between Sixth and Tenth Streets on Railroad Avenue. The same ordinance approved plans for and authorized the construction and maintenance of a passenger depot at a specified site. For the purposes of the Ordinance certain described easements were granted. As authorized by the Ordinances the passenger depot, freight depot and freight yards were constructed and have since been operated by the Railroad.

In 1935 the City passed Ordinance 824A which purported to repeal Ordinance 73 and so much of Ordinance 88 as related to the Railroad's right to construct a freight depot on the closed and conveyed portion of Eighth Street. This Ordinance provided that the street should be reopened. Basing its claim of right and title primarily on this Ordinance the City brought an action in ejectment against the Railroad which action was removed to the United States District Court. Judgment was entered for the Railroad and on appeal this Court affirmed the judgment. City of St. Petersburg v. Atlantic Coast Line Railroad Company, 5 Cir., 1943, 132 F.2d 675.

The City, in April, 1954, initiated by petition a proceeding before the Florida Railroad and Public Utilities Commission asserting that the Railroad's passenger station and freight depot were inadequate and, as located, a menace to public safety and welfare. A hearing was held and the Commission restricted its inquiry to the question of whether the freight and passenger stations should be relocated and replaced by new, modern and adequate facilities. It deferred consideration of the question as to the location of the new facilities. The Commission entered its order on June 30, 1955; the Railroad was directed to remove its stations from their present locations and to construct new depots at such location or locations as might be deter-

mined by the Commission pursuant to a further hearing. The Commission denied a petition for rehearing. The Railroad sought a review of the Commission's Order and its petition for certiorari was quashed because the Commission's Order of June 30, 1955, was not final. Certiorari was sought from and denied by the Supreme Court of the United States. Atlantic Coast Line R. Co. v. King, 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 856.

On August 5, 1955, three weeks before commencing its unsuccessful attempt to have the Commission's order reviewed by the Supreme Court of Florida, the Railroad filed suit in the District Court for the Southern District of Florida against the City as the sole defendant. In its complaint the Railroad alleged that the City was attempting, by indirection, evasion and circumvention, and by pretense and subterfuge, to deprive the Railroad of its rights as declared by the former judgment of the District Court and affirmed by this Court in 132 F.2d 675, by the destruction of its passenger and freight depots and other terminal facilities as now situated in the City. It was also asserted that the Commission's order would require the abandonment of 1.14 miles of the Railroad's main line tracks without a certificate of the Interstate Commerce Commission as required by 49 U.S.C.A. § 1(18). The City was charged with attempting to get the Railroad's property without due process of law and without compensation. The complaint prayed that the court would construe its former judgment and the judgment and opinion of this Court; enjoin the City from attempting to enforce or avail itself of any of the apparent rights and advantages accruing by virtue of the Commission's orders; declare the Commission's order to be an impermissible interference with interstate commerce and a deprivation of the Railroad's property without just compensation and without due process of law.

The situation before the courts out of which came our opinion reported in 132 F.2d 675, was not the same as is in the controversy presented by this appeal.

In the former opinion we held that the City could not, without just compensation, destroy depot facilities of the Railroad by the repeal of an ordinance which vacated a street upon which the depot had been built and terminal facilities laid out. We did not hold that the City might not, at some time and in some manner and for just compensation, take the property for some proper purpose. We did not hold that the City was precluded from initiating proceedings to require the Railroad to move its terminal facilities from their present location in downtown St. Petersburg. These questions, not considered or answered in our former opinion need not be here considered.

We think this case is controlled by Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 768, 95 L.Ed. 1002. There the Alabama Commission had entered an order denying the railway company a permit to discontinue certain trains. The company, not appealing to the Alabama courts as it had a right to do, brought suit in the Federal district court against the Alabama Commission to enjoin the enforcement of the order. A three-judge district court enjoined enforcement of the order. The Supreme Court reversed, and in its opinion said:

"As adequate state court review of an administrative order based upon predominantly local factors is available to appellee, intervention of a federal court is not necessary for the protection of federal rights. Equitable relief may be granted only when the District Court, in its sound discretion exercised with the 'scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts,' is convinced that the asserted federal right cannot be preserved except by granting the 'extraordinary relief of an injunction in the federal courts.' Considering that '[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the

**616**

'avoidance of needless friction with state policies,' the usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case. Whatever rights appellee may have are to be pursued through the state courts. * * *

"As this Court held in Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 297–298, 63 S.Ct. 1070, 1072, 1073, 87 L.Ed. 1407:

" 'This withholding of extraordinary relief by courts having authority to give it is not a denial of the jurisdiction which Congress has conferred on the federal courts * * *. On the contrary, it is but a recognition * * * that a federal court of equity * * * should stay its hands in the public interest when it reasonably appears that private interests will not suffer. * * *

" 'It is in the public interest that federal courts of equity should exercise their discretionary power to grant or withhold relief so as to avoid needless obstruction of the domestic policy of the states.' "

The Railroad has its remedy through the appeal to the Florida Supreme Court and, failing there, to the Supreme Court of the United States for the protection of its vested property rights and all other rights which it seeks to here assert. The case for the Railroad is not bettered by its prayer for declaratory relief. The essential relief sought was a decree that the order of the Florida Commission should not be enforced. Nor is the Alabama Public Service Commission case to be distinguished because the Railroad has sued the City rather than the Commission. There is no less an attack upon the Commission's order where the City is the defendant than would have been the case had the Florida Commission been the defendant. In Florida Railroad & Public Utilities Commission v. Atlantic Coast Line Railroad Co., 342 U.S. 844, 72 S.Ct. 73, 96 L.Ed. 638, reversing 96

F.Supp. 583, the Alabama Public Service Commission case was followed and approved.

The district court properly declined jurisdiction. Its judgment is

Affirmed.