WARREN, LAMAR, Associate Judge.
The appeal in this case is from a final decree dissolving a temporary injunction and dismissing with prejudice the complaint upon which the former was based.
The litigation arose when the City of Clermont sought to pave an avenue shown upon a plat of the city. Opposition developed by certain property owners who alleged in their complaint that the avenue “has never been paved or graded or in any way traveled upon by the public since the offer of dedication was made in 1884 and that the plaintiffs herein have each withdrawn said offer of dedication by planting grass and trees and shrubbery on and around the portion of property shown on said map as Disston Avenue.” The city’s answer denied the above allegations, and alleged that more than 30 years prior to the filing of the complaint the city had accepted the offer of dedication of said avenue by grading, claying and otherwise improving a portion of the same, that from time to time the public had traveled upon another portion, and that during 1954 the city had graded, clayed and otherwise improved a portion of the avenue, with the intention of improving the remainder whenever public necessity required it; and the city further alleged that the planting of grass, trees and shrubbery by plaintiffs at any time after they acquired title to their properties did not constitute a withdrawal of said offer of dedication. With the answer, the city filed a motion to dissolve the temporary injunction.
*405 The first paragraph of the court’s “findings” recited that “This cause came on before this Court on motion to dismiss the bill of complaint and dissolve the temporary injunction heretofore granted. Considerable testimony was produced and taken in behalf of both the plaintiffs and the defendant, and to all intents and purposes the hearing resolved itself into a hearing on the merits of the cause and a final hearing.” And the court went on to hold that the plaintiffs had no power or authority and could not in any way withdraw the offer of dedication of that portion of the avenue lying adjacent to and between their properties and, further, that the city had accepted the dedication of the avenue. Final decree thereafter was entered.
The plaintiffs, appellants here, have presented three points, to wit, did the lower court err in dismissing the complaint upon the motion to dissolve; did it err in treating the hearing on said motion as a final hearing; and did it err in dissolving the temporary injunction? The first two points were argued jointly.
Plaintiffs contend that the court erred in finding that the hearings resolved themselves into a hearing on the merits of the cause, that only the motion to dissolve the temporary injunction was under consideration at the two hearings, but they fail to support their contention by reference to any matter in their appendix; actually, their appendix incorporated none of the testimony taken at the hearings and, while a portion of the transcript of the testimony taken at the hearings was bound and paged separately, no reference was made to the pages of the transcript they desired the court to read. Florida Appellate Rules, rule 3.7, subd. f, 31 F.S.A. Plaintiffs had the duty to include in their appendix such parts of the original record as would demonstrate, without resort to the record on appeal, that error requiring reversal had been committed below. Bolick v. Sperry, Fla., 82 So.2d 374. Although they do quote a single question-and-answer exchange between the court and the attorney for the city, the quotation is not to be found in their appendix nor was the same discovered in the transcript of the testimony, notwithstanding the court, under the circumstances, was under no obligation to go to the transcript. The lower court was better in position to determine whether or not the hearings developed into a hearing on the merits and, in the absence of some showing of error in this respect, pursuant to the appellate rules, we must accept the lower court’s statement; as far as this court knows the proceedings did become such a hearing, the decree of the lower court coming to the ■ appellate courts with the presumption of correctness and the burden being upon the appellant to show that it is erroneous.
As to the third point, which questioned whether or not the lower court erred in dissolving the temporary injunction, plaintiffs draw attention to the court’s “findings” wherein it is stated that “It is therefore the opinion of this Court that under the circumstances prevailing in this case, the plaintiffs had no power or authority, and could not in any way withdraw the offer of dedication of that portion of Disston Avenue lying adjacent to and between their properties, and the claim of withdrawal made by the plaintiffs cannot be sustained.” By citing a passage from City of Miami v. Florida East Coast Ry. Co., 79 Fla. 539, 84 So. 726, 730, to wit, “A common-law plat has no effect as a conveyance, and an offer to dedicate thereby created may be revoked by the owner or his grantee at any time before acceptance by the public,” and by summarizing the testimony of one of the plaintiffs (to which no page references were made) and by placing five photographs in their appendix (but no evidence to explain them), they appear to reason that by this plaintiff having over a period of years used a portion of the area platted as Disston Avenue and having placed thereon trees, grass and used a portion of the same for garden purposes, he had revoked the offer to dedicate before acceptance by the public. In the City of Miami decision, supra, after the *406 dedication plat was filed, the defendant company had acquired the rights of the dedicators, and had improved and used a strip of land long before any acceptance expressly or impliedly by user or otherwise by the public, or by the city or other public authorities. The complaint in the instant case shows that the plaintiffs had never acquired the title of the dedicators in and to the street involved, but had only acquired title to certain lots in blocks, which lots bordered on the street but did not include the same.
It was alleged in the complaint that one of the plaintiffs was the owner in fee of certain lots according to the map of the City of Clermont, and the other plaintiffs the owners of a lot according to the survey of Clermont Heights, a subdivision of the City of Clermont. The former map was filed June 6, 1886, and the latter survey, May 21, 1919, both appearing in plat books. The platting of land and the sale of lots pursuant thereto, as far as the public is concerned, amount to an offer of dedication which must be accepted before there is a revocation to complete the dedication. Kirkland v. City of Tampa, 75 Fla. 271, 78 So. 17, 21. In discussing the question of withdrawal of the offer of dedication the lower court found that “the only claim made for such withdrawal is that the plaintiffs, by their action in planting trees, shrubbery, grass, gardens, etc., and generally using the area of said avenue here involved, withdrew the offer of dedication. These plaintiffs were not the individuals who made the offer and Disston Avenue is not wholly within the block or section of said plat where the property belonging to the plaintiffs is located, but has a considerable length and extent through other portions of said plat. * * * ” The court further found “that other streets, as well as portions of Disston Avenue, were long ago recognized, used, and to some extent improved by the public and the City of Cler-mont.” The record bears out these conclusions; and a portion of the particular avenue was hard-surfaced with clay and used as a street by the city and the general public. Cf. City of Gainesville v. Thomas, 61 Fla. 538, 54 So. 780.
Referring to a number of authorities, the Supreme Court, in Indian Rocks Beach South Shore v. Ewell, Fla., 59 So.2d 647, 32 A.L.R.2d 940, held that the weight of authority seemed to be that acceptance of some of the streets of a platted subdivision should be considered an acceptance of all of the streets, stating, 59 So.2d on page 654, that “It is impossible for a municipality to improve all streets shown on a plat as soon as the plat is recorded. Many people own wild and uncultivated land without any buildings on it. They conceive the idea that in the natural course of events there will be increases in population, main roads will be built and the land will become useful for development and home cites. They have engineers survey the land and make maps of it. They have streets, alleys and other public places shown on these plats, and they are recorded. In due course, main thoroughfares are built which will attract people to the land. Lots are sold and houses are built. The dedicators or owners of the land knew and did not intend that all streets, alleys and ways would be put to public use immediately, but that they would be put to public use with changing conditions and as the need became evident.” See also Waterman v. Smith, Fla., 94 So.2d 186.
Affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.