BARKDULL, Judge.
This appeal is brought from a final summary judgment dismissing the cause, entered in an action wherein the appellant was attempting to impose a constructive trust against certain monies in the hands of the appellee, L. M. Mershon, as assets of the appellee, Twin City Transit Company.
The appellant, by her complaint, sought collection of a money judgment [obtained in a prior proceeding against the appellee, Twin City Transit Company] against L. M. Mershon, as the personal representative of the late Thurman A. Whiteside, upon two theories: first, a creditor’s bill and, second, a preferential transfer of corporate assets of Twin City Transit Company to White-side while he was an officer of said corporation and it was insolvent, contrary to the provisions of § 608.55, Fla.Stat., F.S.A. Following discovery proceedings, both parties moved for a summary judgment and entered into a stipulated set of facts, and upon the record then before the chancellor he entered the summary final decree here under consideration.
The only point preserved for appellate review is the applicability of the provi *545 sions of § 608.55, Fla.Stat., F.S.A., to the admitted facts. The record fails to reveal that any valuable asset of Twin City was transferred to Whiteside. Instead, it affirmatively appears that what Whiteside received was repayment of bona fide loans made to Venetian Sedan Service, Inc. [a corporation not a party to this action], and of a personal loan to one Frank L. Love, the principal stockholder of both Twin City and Venetian Sedan. These loans were paid from the proceeds of a sale of 26 jitney permits belonging to Venetian Sedan Service, Inc., and 2 such permits belonging to Twin City Transit Company. The record fails to reveal that the Twin City permits had any value or that the monies paid to Whiteside by Venetian Sedan and Frank L. Love were in excess of the value received by Venetian Sedan on the sale of its permits. Venetian Sedan did not violate any provisions of the Florida Statutes in discharging its just debts, and Frank L. Love, who was the principal stockholder of Venetian Sedan as well as Twin City, did not violate any of the provisions of the Florida Statutes in discharging his just debts from any money he received from the sale of the assets of Venetian Sedan. Without the record disclosing that Whiteside received consideration resulting from the sale of assets of Twin City [even though he was an officer of the judgment debtor corporation], such transfer could not be held to be in violation of § 608.55 of the Florida Statutes, F.S.A.
On appeal, every presumption favors the correctness of the decree of the lower court, and the burden is upon the appellant to show that it is erroneous. Meadows Southern Construction Company v. Pczzaniti, Fla.App.1959, 108 So.2d 499; Walton v. City of Clermont, Fla.App.1959, 109 So.2d 403. In reviewing the record on appeal in the instant case and considering the contentions of the appellant, we find the appellant has failed to meet that burden. Therefore, as the appellant has failed to clearly demonstrate error, we cannot disturb the judgment of the lower court. Carolina Lumber Co. v. Daniel, Fla.App.1957, 97 So.2d 156; First National Bank & Trust Co. of Eustis v. Boyd, Fla.App.1960, 124 So.2d 27.
Affirmed.