The City of Jacksonville, a Municipal Corporation, *Plaintiff in Error,* vs. P. F. Shaffer and Mary E. Shaffer, his wife, *Defendants in Error.*

144 So. 888.

Division B.

Opinion filed December 6, 1932.

368

*Austin Miller* and *Emmet Safay* for Plaintiff in Error.

*P. H. Odom* for Defendants in Error.

DAVIS, J.—This was a condemnation suit brought by the City of Jacksonville to acquire by eminent domain a non-exclusive easement in the streets and alleys of a subdivision known as North Brookside, lying within the limits of the city.

At the trial of the proceedings the court below ruled that where it appeared that the sole owner of a tract of property had made it into a subdivision, at a time prior to the time that the subdivision was brought into the city limits, and such owner and developer had laid out a system of streets and alleys in such subdivision, with the intention of dedicating the same to the public, as shown by the recorded plat of such subdivision, but the dedicators in making the dedication of the streets and alleys had expressly reserved to themselves the exclusive right to operate and maintain therein water pipes and mains constituting part of a waterworks system in the streets and alleys so dedicated, and had actually thereafter installed and was at the time of the trial engaged in operating such waterworks system, that the subsequent inclusion in the city limits of the City of Jacksonville, of the subdivision and waterworks system in question, did not authorize the City of Jacksonville to condemn

for its own waterworks system an easement in the dedicated streets and alleys, for the purpose of permitting the city to lay water mains and operate a waterworks service along such streets and alleys in competition with that being operated under the reserved rights of the dedicators, without making full compensation for the loss arising from the city's competition with the pre-existing privately owned waterworks system of the defendants in error, even though the city's prayer for condemnation embraced only a *non-exclusive* easement in the such streets and alleys for laying water mains and furnishing water service thereby.

Writ of error was taken from a judgment of non-suit based upon the foregoing ruling of the trial judge.

The City of Jacksonville takes the position that the only compensation which the defendants were entitled to receive for a non-exclusive easement in the streets and alleys in question, was the fair cash market value of a non-exclusive easement in the streets and alleys of North Brookside Subdivision, notwithstanding the admitted fact that, so far as this proceeding is concerned, the defendants were to be regarded as the owners of the fee in the streets and alleys, and it was made to appear that upon the plat of the subdivision when it was laid out that there appeared an express reservation to the effect that the right to lay railroad or street railway tracks and all other public utilities, or any of them, was not granted but was expressly reserved in the original owners of the land covered by such plat, and that the general dedication made was only upon the condition thereinbefore expressly set forth.

The defendants in error (defendants below) take the position that since it appeared that they had constructed, and were actually engaged in operating, an existing waterworks system in the streets and alleys of North

Brookside subdivision under the reservation expressed on the plat as hereinbefore mentioned, that they were entitled to claim damages from the condemnor not only for the fair cash value of the alleged non-exclusive street easement sought to be appropriated by the City of Jacksonville to be used in competition with their waterworks, but also additional damages for the practical extinguishment of the property value involved in the exclusiveness of the reserved right they claimed to operate their own waterworkes system without competition.

In other States it has been uniformly decided that when a waterworkes or similar property is itself taken, compensation must be made not only for the physical structures, but general franchise as well. Lewis on Eminent Domain (3rd Ed.) Sec. 722.

In the case at bar however. the City of Jacksonville does not seek to appropriate to its own use, the defendants' waterworks system itself, but only prays for the condemnation of an equal easement in the streets and alleys with the owners of the waterworks system now in existence. That the City has the option to proceed to condemn only an equal easement with that of defendants, and cannot be compelled to condemn defendants' whole right to construct and maintain a waterworks system under the streets, alleys and avenues of North Brookside, has been decided. City of Greenwood v. Gwin, 153 Miss. 517, 121 Sou. Rep. 160.

But it has also been held, in line with the general theory requiring just compensation for what is actually appropriated, that in a proceeding by a City to condemn in part only a right of the private owners of a waterworks to construct and maintain same under the streets, alleys and avenues of an addition to the City, that the persons whose property right is thus partly appropriated are entitled to compensation by way of damages for the

appropriation, not only for the value of the physical part of their easement actually taken as specified in the eminent domain proceedings, but for the additional *damages resulting to them as an inevitable consequence of the taking.* See also Vicksburg vs. Vicksburg Waterworks Co., 202 U. S. 453, 26 Sup. Ct. 660, 50 L. Ed. 1102, 6 Ann. Cas. 253; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341.*

The record shows that North Brookside Subdivision was platted August 11, 1914, by the then owners of the title to the land covered thereby, namely, P. F. Shaffer, Mary E. Shaffer, G. C. Pickard and Margaret B. Long.

The plat as recorded on August 15, 1914, contained the following written conditions appearing on the face thereof, duly signed by the owners filing the plat:

" 'The fee in the streets and alleys shown upon this plat . . . . are hereby reserved to P. F. Shaffer, Mary E. Shaffer, his wife, G. E. Pickard and Margaret B. Long and their assigns and only an easement for the benefit of the public and purchasers by reference to this plat is hereby granted, and the right to lay railroad or street railway tracks, and all other public utilities, or any of them, is not granted but is expressly reserved and this shall not be deemed a public dedication except upon the condition herein imposed.' "

There is a clear distinction between reservations and exceptions in conveyances of lands.

A reservation is the creation in behalf of the grantors of a new right issuing out of the thing granted, something which did not exist as an independent right before the grant, while an exception operates to withdraw some

---

*This rule is of course, applicable only to damages allowable in suits involving the exercise of the right of eminent domain, and is not applicable to claims for damages alleged to have been sustained because of the making of an authorized improvement not requiring condemnation proceedings. See Dorman v. Jacksonville, 13 Fla. 538, 7 Am. Rep. 253; Selden v. Jacksonville, 28 Fla. 558, 10 Sou. Rep. 457, 14 L. R. A. 370; Bowden v. Jacksonville, 52 Fla. 216, 42 Sou. Rep. 394; Crum v. Sumter County, 68 Fla. 122, 66 Sou. Rep. 723. Cawthon vs. DeFuniak Springs, 88 Fla. 324, 102 So. 250.

part of the thing granted which would otherwise have passed to the grantee under the general description of the thing granted, being a part of the thing granted and something *in esse,* at the time of the grant. The legal effect of words of exception is merely to sever from that which is granted, that which is excepted, so that the latter does not pass by the grant. Notes 2 L. R. A. 87; 13 L. R. A. 289; Irons v. Webb, 41 N. J. L. 203, 32 Am. Rep. 193.

In this country it is commonly held that an easement may be the subject of a reservation. But adhering to strict rules, an easement cannot ordinarily be created by way of exception because it is a new right not before existing. Beardslee vs. New Berlin Light & Power Co., 207 N. Y. 34, 100 N. E. 434, Ann. Cas. 1914-B 1287; Gilmer v. Mobile Ry. Co., 79 Ala. 569, 58 Am. Rep. 623; Note 20 L. R. A. 632; Kister vs. Reeser, 98 Pa. St. 1, 42 Am. Rep. 608.

It is obvious therefore that the written statement appearing on the face of the plat of North Brookside Subdivision as recorded by the owners, should, under the rules we have just referred to, be construed as a *reservation* by such owners of the exclusive right or easement on their part to lay railroad or street railway tracks, and all other public utilities, or any of them, in the streets, alleys and avenues of the subdivision, the fee of which was being retained by the dedicators.

But, construed as a *reservation,* and therefore being regarded as the creation of a new right in them by way of implied grant from the public as grantee, such reserved right to lay railroad or street railway tracks and all other public utilities, or any of them, while undoubtedly considered as intended to be exclusive for the period of the reservation, is not to be regarded as perpetual, especially in the absence of words of inheritance. Chap-

pell v. New York, N. H. & H. R. Co., 62 Conn. 195, 24 Atl. 997, 17 L. R. A. 420; Notes 136 A S. R. 691, 20 L. R. A. 632.

Such a *reservation*, without any words of inheritance, preserves at common law the reserved exclusive easement only for life,—that is to say in this case, only for the duration of the joint lives of the several grantors of the street easement described as having been dedicated in connection with such reservation. This is so because it creates a new thing, and does not merely except, or take out, something from the grantors' former title. Gay v. Walker, 36 Me. 54, 58 Am. Dec. 734; Ashcroft v. Eastern R. Co., 126 Mass. 196, 30 Am. Rep. 672; Chappell v. New York, N. H. & H. R. Co., 62 Conn. 195, 24 Atl. 997, 17 L. R. A. 420; Stone v. Stone, 141 Iowa 438, 119 N. W. 712, 18 Ann. Cas. 797, 20 L. R. A. (N. S.) 221.

The dedication of the streets, alleys and avenues of North Brookside Subdivision, having been made by the owners of the land to the public *cum onere*, the rights acquired by the public through such dedication became subject to the *onus* or burden imposed by the *reservation* of such exclusive right in the owners of the fee in the streets, alleys and avenues in question, to lay water mains and pipes in the dedicated streets, during the joint lives of the dedicators.

At the time the reservation was made, the grantors were the sole and exclusive owners of the tract of land platted by them to make up North Brookside Subdivision. Such property was, at the time, outside the city limits of the City of Jacksonville. No statute existed which expressly or impliedly prohibited such reservation being made. The fee in the streets was retained by the dedicators, and the reservation of an exclusive right on their part in connection therewith, to lay public utilities pipes and works in the streets, alleys and avenues whose fees

were not granted by them, cannot be said to be contrary to any settled rule of public policy which would forbid such a reservation from being made.*

We must therefore reject the contention of the plaintiff in error to the effect that the reservation relied on was void as against public policy, and that it should accordingly have been eliminated from consideration as an element of value to be considered in determining defendants' rights of property sought to be appropriated by the proposed exercise of the right of eminent domain by the City of Jacksonville.

We hold, as did the Supreme Court of Mississippi, in the case of City of Greenwood vs. Gwin, 121 Sou. Rep. 160, *supra,* that the reserved right of the defendants below to construct and maintain waterworks and other public utilities along and under the streets, alleys and avenues of North Brookside Subdivision, being exclusive in its nature, is a property right of such defendants, and that consequential damages resulting from the taking away of its exclusive character, must be included in any allowance to defendants of compensation for the appropriation that was sought to be made.

The constitutional right to compensation for property taken by eminent domain under Section 29 of Article XVI of the Constitution of the State of Florida, is the full and perfect equivalent of the right taken. Monongahela Navigation Co. vs. United States, 148 U. S. 312, 13 Sup. Ct. 622, 37 L. Ed. 463.

Where the fee to streets is reserved by a dedicator who records a plat for a subdivision, with the intention to dedicate an easement in the streets to the public and to

---

*All this occurred before the enactment of Chapter 10275, Acts of 1925 (Section 3110 C. G. L.) requiring approval of proposed plats by public authorities before they were accepted for recording. Such approval was no doubt required in order to give the public authorities some measure of control over matters of proposed reservations which might affect the public interest.

purchasers of lots according to the plat, coupled with a reservation in himself of the exclusive right to lay public utility works in the streets for the life of the dedicator, the just compensation required to be paid by a municipality seeking to appropriate for its own use a non-exclusive easement in the same streets for its own utility works, is the fair cash market value of the actual easement sought to be appropriated and used, with the addition of such damages as will result to reserved right of the dedicator, by reason of the destruction of the exclusiveness of the right reserved by him.

The present case is here on writ of error, with bill of exceptions taken to a judgment of non-suit, taken under Section 4517 C. G. L., 2907 R. G. S. The purpose of permitting appeals like this from voluntary non-suits is to permit the plaintiff in a case at law to have important legal questions arising *during the trial* of his case, presented to and decided by the appellate court, without his being required to suffer the conclusiveness of a final judgment against him on the merits. But the statute permits only the decisions of the Court "on the trial" of any cause to be reserved for the decision of the appellate court by bill of exceptions as in other cases. Therefore in the present case rulings on the pleadings which occurred prior to the "trial" cannot be considered.

The evidence objected to was material, relevant and pertinent to the general scope of the inquiry being tried, and was properly admitted for what it was worth, as tending to throw light on the general subject involved, though by no means conclusive on the jury as to the amount which would be required to be fixed by them as compensation and damages under appropriate instructions of the Court. See Queens Insurance Co. vs. Patterson Drug Co., 73 Fla. 665, 74 Sou. Rep. 807; Malsby v. Gamble, 61 Fla. 310, 54 Sou. Rep. 766.

The non-suit was entered by the City before the Court delivered its charge to the jury, so we cannot say that the bare admission of the evidence objected to amounted, by itself, to a decision of the trial court for which a reversal should be ordered, since the evidence objected to, as we have just stated, was relevant and pertinent to the general inquiry and violated no positive inhibition forbidding it to be introduced as tending to throw light on the general subject being tried. Prior v. Oglesby, 50 Fla. 248, 39 Sou. Rep. 593.

It follows from what has been said that the decisions of the Court upon the trial were not erroneous, and that the judgment should be affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

Filed under Rule 21-A.