ERVIN, Judge.
INTRODUCTION
This is an appeal by Gulf Properties from an order dismissing its complaint against Southern Bell with prejudice.
ISSUE
May a dedicator reserve or except the exclusive rights to construct, maintain and operate telephone lines and utilities in the dedication of streets, avenues or alleys?
FACTS
Beginning in 1937, Gulf Properties filed 22 plats for subdivisions known as Laguna Beach and Laguna Beach Estates located in Bay County, Florida. Three of the plats contained exclusive reservations with respect to telephone lines. Another 13 of the plats contained general exceptions for “utility and franchise rights” not specifically referring to telephone lines or services. In 1974, Southern Bell began installing, maintaining and operating underground telephone lines along the streets and avenues *1086 indicated on the plats. Gulf Properties filed its complaint in three counts (1) seeking to enjoin Southern Bell from encroaching and trespassing on the streets subject to the exclusive reservation and property rights of Gulf Properties, (2) seeking damages for the conversion of Gulf Properties’ exclusive utility rights and (3) seeking the imposition of a constructive trust upon the proceeds Southern Bell was receiving in violation of Gulf Properties’ rights. Upon motion to dismiss filed by Southern Bell, the court entered an order dismissing with prejudice Gulf Properties’ complaint for failure to state a cause of action. Hence this appeal.
DISPOSITION
We affirm. Southern Bell’s motion to dismiss was grounded primarily upon the provisions of Section 362.01, Florida Statutes (1973),[1] which provides in part:
“To occupy roads. Any telegraph or telephone company chartered by this or another state, or any individual operating or desiring to operate a telegraph or telephone line, or lines, in this state, may erect posts, wires and other fixtures for telegraph or telephone purposes on or beside any public road or highway;
Gulf Properties’ complaint did not allege it was presently operating or was desirous of operating a telephone company. Nor did it allege that it had applied for a certificate by the Florida Public Service Commission as required by Chapter 364 to undertake the operation of a telephone system.
There are no Florida cases directly on point, however we feel that an opinion of the Supreme Court of Texas is highly persuasive authority for the trial court’s dismissal of the complaint. In Roaring Springs Town-Site Co. v. Paducah Telephone Co., 109 Tex. 452, 212 S.W. 147 (1919), the plaintiff reserved the exclusive right to grant the use of streets and alleys and to construct telephone, telegraph and electric wires and poles. A Texas statute declared it to be the public policy of the state that corporations created for the purpose of constructing and maintaining long distance telephone lines were authorized to construct their poles, wires, etc. upon any of the public roads and streets of the state in such a manner as not to inconvenience the public in the use of such roads and streets. The Texas court held that such statute constituted a declaration that the interest of the public to convenient telephone service was superior to any private interest, and held that the plaintiff’s attempt to reserve such rights was inconsistent with the statutory authority and could not be upheld.
Gulf Properties’ reliance upon Jacksonville v. Shaffer, 107 Fla. 367, 144 So. 888 (1932), has no application here. In Shaffer, the dedicators expressly reserved the exclusive right to lay railroad tracks and all the other public utilities in the streets, avenues and alleys dedicated to public use. The City of Jacksonville, through eminent domain, sought an easement to lay its own water lines. The Florida Supreme Court held that the dedicators were entitled to compensation from the city for being divested of their exclusive rights under the dedication. In reaching its decision, however, the court noted that no statute existed — as it does here — which expressly or impliedly prohibited the reservation of such rights.
Another distinguishing feature of Shaffer is that the City of Jacksonville sought to condemn a non-exclusive easement for its own waterworks system for the purpose of laying its own lines and operating the system in competition with the developers’ existing system. There did not exist at the time Shaffer was decided any requirement for governmental regulation of the waterworks system — unlike the situation here in which the Florida Public Service Commission regulates telephone systems.
The order granting the motion to dismiss the complaint with prejudice is affirmed.
MILLS, J., concurs.
BOYER, C. J., concurs specially.

. Derived from § 6337, Comp. Gen. Laws (1927).