EVANDER, J.
 

 Thomas Terrill appeals a partial final summary judgment construing the scope of an easement for ingress and egress granted in favor of appellees Wiley and Ann Davis. The trial court found that the easement agreement permitted the continued use of a right of way across the ser-vient estate even if the dominant estate was divided into 25 units with a corresponding increase in the burden on the servient estate. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(k)
 
 [1]
 
 and find that the trial court erred in its construction of the easement agreement.
 

 Terrill is a resident of Park at Wolf Branch Oak Subdivision and a member of the subdivision’s homeowner’s association (Park HOA). The subdivision was developed by appellee Eric Coe. In 1998, prior to developing the subdivision, Coe granted
 
 *225
 
 a non-exclusive easement for ingress and egress across his property to the Davises. The Davises owned the abutting property to the north (the dominant estate). The easement agreement provided that the easement “shall run in favor of Grantee and Grantee’s successors in title.... ”
 

 In June 2005, the Davises entered into a contract to sell their property to Anthony Roberts. Roberts then assigned his interest in the contract to Lake County Land Partners, LLC (Lake Partners). It was Lake Partners’ intent to develop a 25-unit Planned Unit Development (PUD) on the Davis property — a project which would require rezoning. During the time period that a petition to rezone the Davis property was pending before the county commission, Coe executed a deed, purportedly on behalf of Park HOA, conveying a strip of land to the Davises. The conveyed property would provide access to the Davis property through the Park at Wolf Branch Oak Subdivision.
 

 Terrill commenced litigation against Coe, the Davises, and Park HOA, seeking to set aside the deed. The parties subsequently stipulated to abate the litigation regarding the validity of the deed and permit the Davises to amend their counterclaim to seek declaratory relief regarding the scope of the 1998 easement. The trial court approved the parties’ stipulation. The allegations set forth in Terrill’s amended complaint are not relevant to the disposition of this appeal. We need only address count I of the Davises’ amended counterclaim in which they sought a declaration “that the easement is a valid easement for ingress and egress that contemplated subdivision and the development of the Davis property for residential use.... ”
 

 In seeking a partial summary final judgment, the Davises argued,
 
 inter alia,
 
 that there was nothing in the easement agreement that limited its use to a single home or land owner. The trial court agreed, finding that the easement was “for the benefit of the Davises and their successors in title
 
 regardless of their number.”
 
 (emphasis added). In reaching this conclusion, the trial court relied on the language in the easement agreement which provided that the easement “shall run in favor of Grantee and Grantee’s successors in title.” We respectfully disagree with the trial court’s inter-pretation. Our review is
 
 de novo
 
 because the construction of language in an easement is a matter of law.
 
 See American Quick Sign, Inc. v. Reinhardt,
 
 899 So.2d 461, 467 (Fla. 5th DCA 2005);
 
 Florida Power Corp. v. Silver Lake Homeowner’s Ass’n,
 
 727 So.2d 1149, 1150 (Fla. 5th DCA 1999).
 

 The general principle governing all easements is that the burden of the right of way upon a servient estate must not be increased to any greater extent than reasonably necessary and contemplated at the time of the initial acquisition.
 
 Crutchfield v. F.A. Sebring Realty Co.,
 
 69 So.2d 328, 330 (Fla.1954). In other words, the easement holder cannot expand the easement beyond what was contemplated at the time it was granted.
 
 Walters v. McCall,
 
 450 So.2d 1139, 1142 (Fla. 1st DCA 1984). Here, there remains a disputed factual issue as to the contemplated use of the easement at the time of its creation.
 

 The fact that the easement in this case was to benefit the grantee’s successors in title did not evidence an intent to permit a future increase in the burden to be placed on the servient estate.
 
 Crutchfield.
 
 It simply confirmed that the easement was intended to be perpetual and not just for the benefit of Mr. and Mrs. Davis.
 
 City of Jacksonville v. Shaffer,
 
 107 Fla. 367, 144 So. 888, 891 (1932).
 

 REVERSED and REMANDED.
 

 
 *226
 
 GRIFFIN, J., concurs.
 

 SAWAYA, J., concurs in result only without opinion.
 

 [1]
 

 . We agree with Terrill and the Davises that the count seeking a declaratory judgment as to the scope of the subject easement was a distinct and severable cause of action, not interrelated with the remaining claims pending before the trial court.
 
 See S.L.T. Warehouse Co. v. Webb,
 
 304 So.2d 97, 99 (Fla. 1974) (general rule that to be appealable as final, order or decree must dispose of all issues in case, is relaxed when order or decree adjudicates distinct and severable cause of action not interrelated with remaining claims pending in trial court);
 
 see also Mendez v. West Flagler Family Ass'n, Inc.,
 
 303 So.2d 1, 5 (Fla. 1974).