IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDWARD A. KOVACH,

      Appellant,

 v.                            Case No.  5D15-2335

HOLIDAY SPRINGS RV, LLC,

      Appellee.

_____/

Opinion filed May 12, 2017

Appeal from the Circuit Court for
Hernando County,
Daniel B. Merritt, Sr., Judge.

Edward B. Cole, of Cole Law Firm,
P.A., Palm Harbor, for Appellant.

Paetra T. Brownlee and Charles M.
Greene, of Charles M. Greene, P.A.,
Orlando, for Appellee.


PER CURIAM.

Appellant challenges a summary judgment construing an easement contained within a deed.  Concluding that the trial court misconstrued the easement, we reverse and remand for further proceedings.

The easement in question conveys "to the said grantee, and grantee's heirs and assigns forever the following described land, situate, lying and being in Hernando County,

Florida, to-wit: An ingress/egress, utility, and drainage easement over the following described property." Appellant is named as "grantee." The trial court concluded that this easement may only be used by Appellant as named grantee and no other person, including Appellant's invitees. In reaching this conclusion, the trial court misconstrued our decision in *City of Orlando v. MSD-Mattie, L.L.C.*, 895 So. 2d 1127 (Fla. 5th DCA 2005). In that decision, we addressed an easement in gross where the grant was expressly confined to a limited use. Nothing in that decision supports the proposition that an easement that runs with the land may be used solely by the grantee. As a general proposition, the holder of an easement is entitled to use the easement "in a manner that is reasonably necessary for the convenient enjoyment of the servitude . . . [including] normal development of the dominant estate." Restatement (Third) of Prop.: Servitudes § 4.10 (2000).

*Walters v. McCall*, 450 So. 2d 1139 (Fla. 1st DCA 1984), upon which Appellee relies, is distinguishable. There, the easement stated that it was to be used "solely for the benefit of the owner or owners." After making the threshold determination that it was ambiguous, our sister court then considered extrinsic evidence of what was originally intended and concluded that access by campground patrons exceeded the contemplated use as originally intended. *Id.* at 1143. *Terrill v. Coe*, 1 So. 3d 223 (Fla. 5th DCA 2008), also relied upon by Appellee, reversed the trial court's summary judgment because issues of fact precluded summary judgment.

REVERSED AND REMANDED.

ORFINGER, TORPY, and EVANDER, JJ., concur.

2